**STATE OFFICE OF RISK MANAGEMENT, Appellant,**

v.

**Hector ESCALANTE, Appellee.**

No. 08–06–00077–CV.

Court of Appeals of Texas, El Paso.

May 31, 2007.

Norberto Flores, Assistant Atty. Gen., Austin, for Appellant.

Robert E. Riojas, El Paso, for Appellee.

Before CHEW, C.J., McCLURE, and CARR, JJ.

### OPINION

DAVID WELLINGTON CHEW, Chief Justice.

The State Office of Risk Management ("SORM") appeals the trial court's grant of a no-evidence summary judgment motion in favor of Appellee Hector Escalante. In

a sole issue, Appellant argues that there exists a genuine issue of material fact precluding a grant of summary judgment. We affirm.

On May 13, 1999, Hector Escalante suffered a back injury while lifting a computer server in the course of his employment with the State of Texas Department of Human Resources. Although the record does not reflect the extent of his injuries or whether he missed work for more than one day, it is undisputed that Escalante was released to work with no restrictions on June 19, 2000. It is also undisputed that as a result of this injury, he was issued a 16 percent full body impairment rating.

On August 9, 2000, Escalante was involved in a car accident while traveling between different worksites. He filed a workers' compensation claim for this injury as well. The State Office of Risk Management, the workers' compensation insurance carrier for the Department of Human Resources (DHS), disputed the extent of Escalante's claimed injuries. In July of 2003, a jury found that the August 9, 2000 accident resulted in compensable injuries to his lumbar spine and caused cervical root lesions. The jury further found that this injury resulted in a period of disability from February 23, 2001 to April 22, 2002. DHS terminated Escalante in 2001.

Escalante applied for Supplemental Income Benefits (SIBS) pursuant to Tex. Lab.Code Ann. § 408.142. Section 408.142(a) provides that an employee may be entitled to SIBS if, at the time of the expiration of his income benefits, the employee:

(1) has an impairment rating of 15 percent or more as determined by this subtitle from the compensable injury;

(2) has not returned to work or has returned to work earning less than 80 percent of the employee's average weekly wage as a direct result of the employee's impairment;

(3) has not elected to commute a portion of the impairment income benefit under Section 408.128; and

(4) has attempted in good faith to obtain employment commensurate with the employee's ability to work.

Acts 1993, R.S., Ch. 269, § 1, 1993 Tex. Gen.Laws 990, 1186.[1]

SORM disputed whether Escalante qualified for these benefits for three time periods encompassing the seventh, eighth, and ninth qualifying quarters.[2] These quarters covered time periods from May of 2004 through June of 2005. Specifically, SORM argued that Escalante could not satisfy elements (2) and (4) as to the May 13, 1999 injury because he sustained a subsequent injury on August 9, 2000, and because he did not, in good faith, attempt to find work.

Following an administrative contested case hearing, a hearing officer determined that Escalante was not entitled to benefits for the seventh quarter, but that he did qualify for benefits for the eighth quarter. Escalante appealed the part of that decision disqualifying him for the seventh quarter to the Texas Workers' Compensa-

---

1. The case before us was decided prior to the 2005 amendments to the Texas Labor Code which clarified Tex.Lab.Code Ann. § 408.142(a)(4). Unless otherwise noted, all references to the Labor Code herein will refer to the previous version of the statute.

2. The Texas Administrative Code defines a qualifying period as "[a] period of time for which the employee's activities and wages are reviewed to determine eligibility for supplemental income benefits." These time periods are measured in thirteen week quarters. 28 Tex.Admin.Code § 130.101(4)(2007).

tion Commission Appeals Panel. SORM appealed the decision granting Escalante SIBS for the eighth quarter. In February of 2005, the Appeals Panel ruled that Escalante was entitled to benefits for both the seventh and eighth quarters. The Appeals Panel found there was sufficient testimony at the contested case hearing to establish that he was satisfactorily participating in a vocational rehabilitation program and that this participation satisfied Section 408.142(a)(4).[3] It further found that Escalante qualified for SIBS for the seventh and eighth quarters because SORM presented no evidence that the August 9, 2000 car accident was the cause of his disability during these periods.

On June 29, 2005, another administrative contested case hearing was held to determine whether Escalante was entitled to SIBS for the ninth qualifying period. The hearing officer determined that he did qualify as he had the ability to work with restrictions, his unemployment resulted from the compensable injury, he satisfactorily participated in a full time vocational rehabilitation program, and made a good faith effort to obtain employment commensurate with his abilities. SORM also appealed this decision, and the Appeals Panel issued a determination making the hearing officer's decision below final.

SORM appealed the two judgments of the Appeals Panel to the trial court. Escalante filed a no-evidence motion for summary judgment pursuant to Tex.R.Civ.P. 166a(i), which the trial court granted on January 11, 2006. SORM filed a motion for a new trial and it was overruled by operation of law. SORM now brings this appeal asking this Court to find that there exists a genuine issue of material fact as to whether Escalante's periods of disability during the seventh, eighth, and ninth qualifying periods were a result of his May 13, 1999 injury.

### Standard of Review

A no-evidence motion for summary judgment is, in essence, a pretrial directed verdict and, therefore, we apply the same legal sufficiency standard of review. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750–51 (Tex.2003). The party moving for summary judgment must specifically state the elements as to which there is no evidence. *Aguilar v. Morales*, 162 S.W.3d 825, 834 (Tex.App.-El Paso 2005, pet. denied); *see* Tex.R.Civ.P. 166a(i). The burden then shifts to the nonmovant to produce competent summary judgment evidence raising a genuine issue of material fact for each element challenged by the motion. *Aguilar*, 162 S.W.3d at 834. We view the evidence in the light most favorable to the nonmovant. *Forbes, Inc. v. Granada Biosciences, Inc.*, 124 S.W.3d 167, 172 (Tex.2003).

A nonmovant may defeat a no-evidence motion for summary judgment by bringing forth more than a scintilla of evidence to establish an issue of material fact. *King Ranch, Inc.*, 118 S.W.3d at 751. "When the evidence offered to prove a vital fact is so weak as to do no more than create a mere surmise or suspicion of its existence, the evidence is no more than a scintilla and, in legal effect, is no evidence." *Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex.1983). More than a scintilla exists where the evidence rises to a level that permits reasonable minds to differ in their

---

**3.** 28 Tex.Admin.Code Ann. § 130.102(d)(2)(2007) provides that an employee satisfies the good faith requirement in Tex.Lab.Code Ann. § 408.142(a)(4) if during the qualifying period, the employee has enrolled and satisfactorily participated in a full time vocational rehabilitation program sponsored by the Texas Rehabilitation Commission.

conclusions. *King Ranch, Inc.,* 118 S.W.3d at 751.

SORM argues that it has raised genuine issues of material fact on two of the elements Escalante must satisfy to qualify for SIBS: that he has not returned to work or has returned to work but is earning less than 80 percent of his pre-impairment average weekly wage pursuant to Tex.Lab. Code Ann. § 408.142(a)(2), and that he has attempted, in good faith, to obtain employment under Section 408.142(a)(4). SORM contends that because Escalante returned to work following the 1999 injury, he cannot now argue that he qualifies for SIBS for the relevant time periods. SORM further submits that Escalante's inability to return to work following his termination from DHS was due to his desire not to work rather than any disability. SORM also argues that because a jury found that Escalante's August 9, 2000 accident resulted in his suffering a disability from February of 2001 to April of 2002, there is a fact issue sufficient to defeat summary judgment regarding whether the May 1999 accident caused a period of disability in 2004 and 2005. Finally, SORM insists that the fact that Escalante suffered an injury subsequent to the 1999 compensable injury in and of itself raises a genuine issue of material fact. SORM failed to proffer any evidence, however, to support its assertions.

SORM submitted no controverting evidence that would raise an issue as to whether the August 2000 car accident was the cause of Escalante's disability. In an attempt to defeat Escalante's no-evidence motion for summary judgment, SORM submitted a copy of Escalante's deposition, Work Status Reports from the Texas Workers' Compensation Commission, and a letter purporting to state that Escalante has a 14 percent impairment rating. None of this evidence, however, raises any genuine issue of a material fact as to either challenged element. Moreover, SORM does not address the finding of the Appeals Panel that Escalante met the good faith requirement of Section 408.142(a)(4), because he was satisfactorily participating in a full-time vocational rehabilitation program sponsored by the Texas Rehabilitation Commission.

The burden lies on the nonmovant to produce some evidence to defeat a Rule 166a(i) no-evidence motion for summary judgment. *Ford Motor Co. v. Ridgway,* 135 S.W.3d 598, 600 (Tex.2004). SORM has failed to offer more than a scintilla of evidence to raise a genuine issue of material fact. Appellant's Issue One is overruled.

We affirm the trial court's judgment.