**FORD MOTOR COMPANY,**

v.

**Jack RIDGWAY and Linda Ridgway.**

No. 02–0552.

Supreme Court of Texas.

Argued Sept. 10, 2003.

Decided Feb. 6, 2004.

Rehearing Denied June 25, 2004.

Chris A. Blackerby, Michael W. Eady, Kurt Howard Kuhn, Brown McCarroll, L.L.P., Austin, for Petitioner.

Tina Cheryl Torres, Robert E. Hughes, Law Office of Peter Torres, Jr., P.C., San Antonio, for Respondent.

William A. Worthington, Strasburger & Price, Houston, for Amicus Curiae.

Chief Justice PHILLIPS delivered the opinion of the Court.

We must decide whether the evidence offered by plaintiffs in response to the defendant's Rule 166a(i) summary judgment motion created a genuine issue of material fact that a manufacturing defect in the defendant's product caused the plaintiff's injuries. Because we hold that the court of appeals erred in holding that the evidence was sufficient, we reverse the judgment of the court of appeals, 82 S.W.3d 26, and render judgment that the plaintiffs take nothing.

## I

Jack Ridgway sustained serious injuries when his two-year-old Ford F–150 pick-up truck caught fire while he was driving. Ridgway was the truck's third owner. The first owner drove the truck approximately 7,000 miles and installed a spotlight on the front left "A" pillar, which is the front part of the door frame. The second owner drove the truck approximately 47,000 more miles and had the truck repaired four times at the Red McCombs Ford dealership in San Antonio ("Red McCombs"). Each repair attempted to fix a clunking noise that occurred during hard turns. Three of the four repairs also involved the fuel system and attempted to improve the truck's poor gas mileage. The Ridgways drove the truck for only one month before the fire, making no repairs or modifications.

The fire occurred when Ridgway was driving home from work on a paved county road in Bandera County. Driving at or below the speed limit, he looked into the

rear-view mirror and noticed flames curling up around the cab of the truck. Before he could jump out of the truck, Ridgway sustained second-degree burns to 20 percent of his body.

Ridgway and his wife Linda sued Red McCombs and Ford, alleging products liability, breach of express and implied warranties, violations of the Texas Deceptive Trade Practices Act, and negligence. After both defendants moved for summary judgment, the Ridgways nonsuited Red McCombs, leaving only their negligence and strict products liability claims against Ford. After adequate time for discovery, Ford moved for summary judgment under Rule 166a(i) and alternatively under Rule 166a(c). The trial court granted summary judgment without specifying on which provision it relied. On appeal, a divided court of appeals affirmed the trial court's judgment on plaintiffs' negligence claim but reversed on products liability. We granted Ford's petition for review to determine whether the Ridgways presented more than a scintilla of evidence in support of their claim.

## II

■ We first review the trial court's summary judgment under the standards of Rule 166a(i). The non-movants, here the plaintiffs, must produce summary judgment evidence raising a genuine issue of material fact to defeat the summary judgment under that provision. Tex.R. Civ. P. 166a(i). A genuine issue of material fact exists if more than a scintilla of evidence establishing the existence of the challenged element is produced. *Morgan v. Anthony*, 27 S.W.3d 928, 929 (Tex.2000). If the plaintiffs fail to produce more than a scintilla of evidence under that burden, then there is no need to analyze whether Ford's proof satisfied the Rule 166a(c) burden.

■ A manufacturing defect exists when a product deviates, in its construction or quality, from the specifications or planned output in a manner that renders it unreasonably dangerous. *Torrington Co. v. Stutzman*, 46 S.W.3d 829, 844 (Tex. 2000); *Am. Tobacco Co. v. Grinnell*, 951 S.W.2d 420, 434 (Tex.1997). A plaintiff must prove that the product was defective when it left the hands of the manufacturer and that the defect was a producing cause of the plaintiff's injuries. *Torrington Co.*, 46 S.W.3d at 844.

■ In an attempt to defeat Ford's motion, the Ridgways presented affidavits from all three of the truck's owners and from Bill Greenlees, an expert who inspected the truck after the accident. The owners explained when and where they purchased the truck, how many miles they drove it, and any modifications or repairs they made. In addition, Ridgway described when he first noticed the fire, how he reacted, and the injuries he sustained. Greenlees explained that his expert opinion was based on his visual inspection of the truck after the accident, a visual comparison of a similar but undamaged truck, a review of Ford service manuals, and a review of the National Highway Traffic Safety Administration's database. Based on the areas of greatest damage to the truck and an indication of a "hot spot in the left center area of the engine compartment," Greenlees concluded that the fire originated within the engine compartment and opined that "a malfunction of the electrical system in the engine compartment is suspected of having caused this accident." Greenlees, however, declined to eliminate all portions of the fuel system as a possible cause of the accident and conceded that "the actual cause of the fire has not been determine [sic] yet." Although Greenlees suggested that further investigation might yield a more definitive conclusion, particu-

larly if the vehicle were disassembled, the Ridgways made no motion for further testing and did not complain that the trial court failed to allow adequate time for or sufficient scope of discovery.[1]

When determining if more than a scintilla of evidence has been produced in response to a Rule 166a(i) motion for summary judgment, the evidence must be viewed in the light most favorable to the non-movant. *Johnson v. Brewer & Pritchard, P.C.*, 73 S.W.3d 193, 208 (Tex.2002). We have repeatedly held that more than a scintilla of evidence exists if the evidence "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Merrell Dow Pharm., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997); *Burroughs Wellcome Co. v. Crye*, 907 S.W.2d 497, 499 (Tex.1995); *Transp. Ins. Co. v. Moriel*, 879 S.W.2d 10, 25 (Tex. 1994). On the other hand, "[w]hen the evidence offered to prove a vital fact is so weak as to do no more than create a mere surmise or suspicion of its existence, the evidence is no more than a scintilla and, in legal effect, is no evidence." *Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex. 1983).

Both direct and circumstantial evidence may be used to establish any material fact. *Lozano v. Lozano*, 52 S.W.3d 141, 149 (Tex.2001); *Browning–Ferris, Inc. v. Reyna*, 865 S.W.2d 925, 928 (Tex.1993). To raise a genuine issue of material fact, however, the evidence must transcend mere suspicion. Evidence that is so slight as to make any inference a guess is in legal effect no evidence. *Lozano*, 52 S.W.3d at 148; *Browning–Ferris, Inc.*, 865 S.W.2d at 928.

The Ridgways produced no direct evidence of the fire's cause, and their circumstantial evidence that a manufacturing defect existed in the Ford F–150 when it left the manufacturer does not exceed a scintilla. Ridgway's affidavit establishes only that a fire occurred, and Greenlees could say no more than that he "suspects" the electrical system caused the fire. Because Greenlees could not rule out part of the fuel system as a possible cause and because there is no proof that identified a defect in the truck at the time it left the manufacturer, Greenlees' affidavit is not sufficient to raise a fact issue.

The Ridgways argue that this proof is nevertheless sufficient under section 3 of the Third Restatement of Torts, which provides:

It may be inferred that the harm sustained by the plaintiff was caused by a product defect existing at the time of sale or distribution, without proof of a specific defect, when the incident that harmed the plaintiff:

(a) was of the kind that ordinarily occurs as a result of a product defect; and

(b) was not, in the particular case, solely the result of causes other than the product defect existing at the time of sale or distribution.

Restatement (Third) of Torts: Products Liability '3 (1998). No Texas court has ever cited this section, and we do not decide today whether it reflects the law of this state. Even if § 3 were the law in Texas, it would generally apply only to new or almost new products. Such products typically have not been modified or repaired, therefore making a product defect the likely cause of an accident. The

---

1. Greenlees' affidavit stated: "The inspection of the subject Ford was a visual inspection only. No disassembly nor alterations have been performed as of this time." In oral argument, the Ridgways' attorney suggested that Greenlees could not perform destructive testing on the vehicle because it was severely damaged.

drafters of the Restatement realized this limitation and noted: "The inference of defect may not be drawn ... from the mere fact of a product-related accident.... Evidence that the product may have been used improperly or was altered by repair people weakens the inference [that there was a product defect]." Id. at reporters' notes to cmt. d (citations omitted). The reporters' notes also provide several examples to illustrate when a product defect cannot be inferred without proof of a specific defect because of the product's age or the presence of modifications or repairs. *Compare Woodin v. J.C. Penney Co.*, 427 Pa.Super. 488, 629 A.2d 974, 976–77 (1993) (recognizing that a product defect cannot be inferred in a freezer cord when it functioned flawlessly for eight years before catching fire), and *Walker v. Gen. Elec. Co.*, 968 F.2d 116, 120 (1st Cir.1992) (holding that the mere fact that a six-year-old toaster oven caught fire does not support an inference that a manufacturing defect exists), with *Dietz v. Waller*, 141 Ariz. 107, 685 P.2d 744, 748 (1984) (stating that a boat that broke in half after only ten hours of use gives rise to an inference of a manufacturing defect). When courts have cited section 3, they have also noted this limitation on the Restatement's operation. See *Jarvis v. Ford Motor Co.*, 283 F.3d 33, 44 (2nd Cir.2002) (applying a New York law similar to section 3 to excuse a plaintiff from proving a specific defect, instead inferring a defect from proof that a six-day-old vehicle did not perform as intended); *Myrlak v. Port Auth.*, 157 N.J. 84, 723 A.2d 45, 56 (1999) (adopting section 3 in a case involving a collapsed five-week-old chair). Therefore, we reiterate that because section 3 is not applicable to the facts of this case, we need not decide if it is an accurate statement of Texas law.

### III

Under the circumstances of this case, the Ridgways' summary judgment proof is no more than a scintilla of evidence that a manufacturing defect was present when the truck left the manufacturer. Therefore, the Ridgways have not met their burden of showing that a genuine issue of material fact exists regarding a manufacturing defect. We accordingly reverse the judgment of the court of appeals and render judgment that the plaintiffs take nothing.

Justice HECHT filed a concurring opinion, in which Justice OWEN joined.

Justice HECHT, joined by Justice OWEN, concurring.

I join in the Court's opinion and write only to explain that while Texas law would allow proof of products liability by circumstantial evidence in certain cases,[1] the black-letter rule of section 3 of the Restatement (Third) of Torts: Products Liability does not accurately restate Texas law.

Section 3 states:

Circumstantial Evidence Supporting Inference of Product Defect

It may be inferred that the harm sustained by the plaintiff was caused by a product defect existing at the time of sale or distribution, without proof of a specific defect, when the incident that harmed the plaintiff:

(a) was of a kind that ordinarily occurs as a result of product defect; and

(b) was not, in the particular case, solely the result of causes other than

---

1. See, e.g., *General Motors Corp. v. Hopkins*, 548 S.W.2d 344 (Tex.1977), overruled on other grounds by *Turner v. Gen. Motors Corp.*, 584 S.W.2d 844 (Tex.1979) and *Duncan v. Cessna Aircraft Co.*, 665 S.W.2d 414 (1984); *Darryl v. Ford Motor Co.*, 440 S.W.2d 630 (Tex.1969); see also *Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex.1983) (citing *Hopkins*, 548 S.W.2d 344).

product defect existing at the time of sale or distribution.[2]

"It may be inferred" cannot mean "it is always proper to infer", as the present case demonstrates. Section 3(a) requires only that an injury-causing incident be the kind of thing that ordinarily results from a product defect, not that the incident is the kind of thing that ordinarily does not result unless there is a defect. A pickup suddenly bursting into flame for no discernible reason is the kind of thing that ordinarily occurs as a result of product defect in the sense that product defects do cause such things. Thus Ridgway has satisfied section 3(a), even though it is also true that fires in vehicles ordinarily occur for many reasons other than product defect.[3] As for section 3(b), although Ridgway cannot conclusively negate that the fire was caused solely by something other than a defect, Ford cannot point to anything as the sole cause of the fire. Therefore, Ridgway argues, section 3 entitles him to an inference that his pickup was defective and the further inference that the defect existed when Ford sold the pickup. The Court rejects Ridgway's argument, not because of the text of the rule, but because comment d to section 3, the reporter's notes, and cases allowing proof of products liability by circumstantial evidence limit the stated rule. In other words, the section 3 rule means much less than it appears to say.

"It may be inferred" really means "it is sometimes proper to infer", but while this reading makes the rule stated in section 3 accurate, it also makes the rule not very helpful. Few would question the use of circumstantial evidence to prove products liability in appropriate cases. The hard issue is not whether it can be done, but when and how. The comments to section 3 and the cases cited in support of it illustrate the kinds of considerations courts have taken into account in deciding whether to allow an inference of pre-sale defect in a product, but these considerations are not reflected the in the black-letter rule itself. One looks to comments to explain the rule; one does not look to comments to find the rule.

Section 3 is modeled on section 328D of the Restatement (Second) of Torts,[4] which states:

Res Ipsa Loquitur

(1) It may be inferred that harm suffered by the plaintiff is caused by negligence of the defendant when

(a) the event is of a kind which ordinarily does not occur in the absence of negligence;

(b) other responsible causes, including the conduct of the plaintiff and third persons, are sufficiently eliminated by evidence; and

(c) the indicated negligence is within the scope of the defendant's duty to the plaintiff.[5]

2. Restatement (Third) of Torts: Products Liability '3 (1998).

3. See U.S. Fire Administration, Highway Vehicle Fires, 2 Topical Fire Research Series No. 4 (July 2001, revised Mar. 2002) (reporting that highway vehicle fires are due 66% to mechanical or design problems 18% to incendiary or suspicious origins, 8% to misuse, 4% to operational deficiency, and 3% to other design, construction, and installation deficiencies), available at http://www.usfa.fema.gov/down-loads/pdf/tfrs/v2i4.pdf (last visited Feb. 5, 2004).

4. Proceedings at 72nd Annual Meeting: American Law Institute, 72 A.L.I. Proc. 179, 231 (1996) (remarks of James A. Henderson, Reporter, introducing Restatement (Third) of Torts: Products Liability § 3 (Tentative Draft No. 2, 1995)) ("Section 3 is derived quite faithfully from § 328D of the Restatement, Second, of Torts.").

5. Restatement (Second) of Torts § 328D (1965).

But the differences in the two provisions are such that section 3 is not an analogue of section 328D but rather a kind of res ipsa B lite! Sections 3(a) and (b) are less strict than the parallel provisions in sections 328D(1)(a) and (b), at least in a case like the present one. It cannot be said that fires in pickups do not ordinarily occur absent a product defect; they ordinarily occur for all sorts of reasons.[6] Nor has Ridgway "eliminated by evidence" the existence of other responsible causes of the fire. The most he can say is that Ford has offered no evidence of another cause. He has not shown that, given the circumstances, another cause was impossible or even improbable. If section 3 were as strictly worded as section 328D, Ridgway's claim would clearly fail.

Texas law of res ipsa loquitur is at least as strict as section 328D. We require the first condition stated in section 328D(1)(a), and instead of the second condition stated in section 328D(1)(b), we require that the instrumentality causing harm have been under the defendant's management and control.[7]

We have explained that

the "control" requirement is not a rigid rule that the instrumentality must have always been in the defendant's possession or even that it must have been in the defendant's control at the time of the injury. It is sufficient if the defendant was in control at the time that the negligence inferable from the first factor probably occurred, so that the reasonable probabilities point to the defendant

and support a reasonable inference that he was the negligent party. The possibility of other causes does not have to be completely eliminated, but their likelihood must be so reduced that the jury can reasonably find by a preponderance of the evidence that the negligence, if any, lies at the defendant's door.[8]

The rule of res ipsa loquitur allows an inference of negligence, absent direct proof, only when injury would ordinarily not have occurred but for negligence, and defendant's negligence is probable.

There is no reason to allow an inference of products liability any more freely than an inference of negligence. An inference of products liability is really two inferences: that the product was defective, and that the defect existed at the time of sale. Applying the principle underlying res ipsa loquitur, neither inference can be drawn without evidence that the injury would not ordinarily have occurred absent a product defect and that that defect probably existed when the product was sold. This is not what section 3 says.

---

6.  See infra note 3.

7.  *Haddock v. Arnspiger*, 793 S.W.2d 948, 950 (Tex.1990) ("Res ipsa loquitur is applicable only when two factors are present: (1) the character of the accident is such that it would not ordinarily occur in the absence of negligence; and (2) the instrumentality causing

the injury is shown to have been under the management and control of the defendant.") (citing *Mobil Chem. Co. v. Bell*, 517 S.W.2d 245, 251 (Tex.1974) and *Marathon Oil Co. v. Sterner*, 632 S.W.2d 571, 573 (Tex.1982)).

8.  *Mobil Chem. Co.*, 517 S.W.2d at 251 (citations omitted).