IN THE

TENTH COURT OF
APPEALS




 
 
 
 
 
 
 


 



No. 10-03-00371-CV

 

Juan Carlos Azua,

                                                                      Appellant

 v.

 

Dr Pepper Bottling Company

of Texas,

                                                                      Appellee

 

 

 



From the 13th District Court

Navarro County, Texas

Trial Court # 02-00-11366

 



MEMORANDUM 
Opinion



 








      This
appeal concerns a personal injury suit. 
The trial court granted Dr Pepper’s no-evidence motion for summary
judgment.  See Tex. R. Civ. P.
166a(i); Binur v. Jacobo, 135 S.W.3d
646, 650-51 (Tex. 2004). 
Azua appeals.  We will affirm.

      In a
no-evidence motion for summary judgment, the non-movant must “produce[] summary
judgment evidence raising a genuine issue of material fact.”  Tex.
R. Civ. P. 166a(i); Ford Motor Co.
v. Ridgway, 135 S.W.3d 598, 600 (Tex. 2004). 
“A genuine issue of material fact exists if more than a scintilla of
evidence establishing the existence of the challenged element is
produced.”  Ridgway at 600.  “More than a
scintilla of evidence exists if it would allow reasonable and fair-minded
people to differ in their conclusions.”  Forbes Inc. v. Granada Biosciences, Inc., 124
S.W.3d 167, 172 (Tex. 2003). 
“In reviewing a no-evidence summary judgment motion, we examine the
record in the light most favorable to the nonmovant
. . . .”  Id.

      The
sole ground stated in Dr Pepper’s motion was that there was no evidence that it
was negligent.  The elements of
negligence are: “There must be a legal duty owed by one person to another, a
breach of that duty, and damages proximately caused by the breach.”  D.
Houston, Inc. v. Love, 92 S.W.3d 450, 454 (Tex. 2002); see
Mission Petroleum Carriers, Inc. v. Solomon, 106 S.W.3d 705, 710 (Tex. 2003) (plurality op.).  Dr Pepper’s motion did not contend that there
was no evidence of damages.  We assume
without deciding that Azua produced some evidence of duty and breach.  Nonetheless, Azua produced no evidence of
proximate causation.

      As to
proximate cause, Dr Pepper contends only that there was no evidence of
foreseeability.  See Marathon Corp. v. Pitzner, 106 S.W.3d 724, 727 (Tex. 2003). 
“[T]he foreseeability element of proximate cause . . .
requires that ‘the act or omission complained of must be such that a person
using ordinary care would have
foreseen that the event, or some similar event, might reasonably result
therefrom.’”  Browning-Ferris Indus., Inc. v. Lieck, 881 S.W.2d 288, 292 (Tex.
1994) (quoting 1 Comm. on Pattern Jury
Charges, State Bar of Tex., Texas
Pattern Jury Charges PJC 2.04 (1987)) (emphasis in Browning-Ferris); see D.
Houston, 92 S.W.3d at 454.  “The
foreseeability of a back injury in connection with regular lifting of heavy
objects” must be established by “probative evidence, through expert testimony,
connecting the injury to the alleged negligence.”  Leitch
v. Hornsby, 935 S.W.2d 114, 119 (Tex. 1996). 
“Whether proper lifting equipment would have prevented the injury is not
a question that can be answered by general experience.”  Id.  The
affidavit of Azua’s treating physician, which Azua introduced, does not address
the matter; and Azua introduced no other expert evidence.

      We overrule Azua’s issue.  We affirm the judgment.

TOM GRAY

Chief Justice

Before Chief Justice Gray,

      Justice
Vance, and

      Justice Reyna

Affirmed

Opinion
delivered and filed October 27, 2004

[CV06]