IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00049-CV

 

Bossier Chrysler-Dodge II, Inc. 

d/b/a Bossier Country,

                                                                      Appellant

 v.

 

James Riley,

                                                                      Appellee

 

 



From the 77th District Court

Freestone County, Texas

Trial Court No. 03-158-A

 



dissenting  Opinion










 

            Based upon a jury verdict, the trial court
awarded James Riley $33,000 in past and future damages on his Deceptive Trade
Practices Act cause of action against Bossier Chrysler-Dodge II, Inc.  Bossier
appealed.  Because the evidence is legally insufficient to support the jury’s
affirmative answer to whether Bossier committed a deceptive act, we should reverse
the trial court’s judgment and render judgment that Riley take nothing.

Background

          Riley visited Bossier, a
Chrysler/Dodge dealership, to find a more fuel efficient vehicle to drive. 
Riley decided to make a deal on a PT Cruiser.  He was going to trade in his
pickup truck.  Riley signed a conditional sale and delivery agreement and went
home to retrieve the title to his pickup.  The evidence is conflicting as to
whether Riley drove the PT Cruiser or his pickup home.  Riley returned with the
title and signed the remainder of the paperwork, including a retail installment
contract in which he agreed to purchase the PT Cruiser.  Riley left Bossier to
clean out his pickup.  At some point after leaving the dealership for the last
time, Riley decided he did not want to purchase the PT Cruiser.  He never
returned with the pickup or to take possession of the PT Cruiser.  

Legal and Factual
Insufficiency

          In its first issue, Bossier questions
whether there is no evidence or alternatively, factually insufficient evidence
to support any findings that Bossier (1) made a misrepresentation to Riley, or
(2) failed to disclose information to Riley that was a producing cause of
damages to him.  In Question 5 of the court’s charge, the jury was asked, “Did
Bossier engage in any false, misleading, or deceptive act or practice on which
James Riley relied to his detriment that was a producing cause of damages to
James Riley?”  The phrase false, misleading, or deceptive is defined in the
charge as (1) “Representing that an agreement confers or involves rights,
remedies, or obligations which it does not have or involve or which are
prohibited by law;” and (2) “Failing to disclose information concerning goods
or services which were known at the time of the transaction and such failure to
disclose was intended to induce the consumer into a transaction which the
consumer would not have entered had the information been disclosed[.]”

          In reviewing a verdict for legal
sufficiency, we credit evidence that supports the verdict if reasonable jurors
could, and disregard contrary evidence unless reasonable jurors could not.  Kroger
Tex. Ltd. P'ship v. Suberu, 2006 Tex. LEXIS 441, 8-9 (Tex. 2006); City
of Keller v. Wilson, 168 S.W. 3d 802, 827, 48 Tex. Sup. Ct. J. 848 (Tex. 2005).  A no evidence point will be sustained when, among other reasons, there is a
complete absence of evidence of a vital fact, or the evidence offered to prove
a vital fact is no more than a mere scintilla.  Merrell Dow Pharms. v.
Havner, 953 S.W.2d 706, 711 (Tex. 1997).  Evidence does not exceed a
scintilla if it is "'so weak as to do no more than create a mere surmise
or suspicion'" that the fact exists.  Ford Motor Co. v. Ridgway,
135 S.W. 3d 598, 601, 47 Tex. Sup. Ct. J. 266 (Tex. 2004) (quoting Kindred
v. Con/Chem, Inc., 650 S.W.2d 61, 63, 26 Tex. Sup. Ct. J. 383 (Tex. 1983)). 

          Riley’s theory of the case, although
not what was specified in his DTPA claim, was that, although he signed a retail
installment contract, a previously signed conditional sale and delivery
agreement allowed him to call off the deal.  It is difficult to discern what
evidence Riley believes is a misrepresentation or a failure to disclose.  Riley
makes no distinction between the two definitions of the phrase, “false,
misleading, or deceptive.”  He also makes no distinction between Bossier’s
first and second issues which contest the sufficiency of the evidence of a
false, misleading, or deceptive act (issue one) and reliance (issue two). 
Further, Riley makes no distinction between evidence which is legally
sufficient and evidence which is factually sufficient.  What Riley did in his
brief and at trial was to dump out everything “bad” that happened to Riley in
the hopes that someone would feel sorry for him, rather than proving up his
counter-claim.  It worked on the jury.




          Misrepresentation

          Bossier contends that it did not
misrepresent any agreement to Riley.  But Riley claims in his brief that
Bossier misrepresented how the paperwork would function and induced him to sign
numerous versions of the same document on the same date.  Riley provides no
citations to the record for this alleged misrepresentation.  That is because
there is no evidence in the record of a misrepresentation of how the paperwork
would function.  Riley also argues that Bossier represented that he would have
all the rights to terminate the sale if he was not approved for financing for
36 months at $326 a month.  Again, Riley provides no citation to the record for
this statement.  The conditional sale and delivery agreement provides that if
financing is not approved on the proposed terms, the buyer has no obligation to
purchase the vehicle.  The phrase “proposed terms” relates back to the terms
described in the motor vehicle purchase order.  There were no proposed
financing terms on the motor vehicle purchase order.  Thus, there is no
evidence that the statement in the conditional sale and delivery agreement is a
misrepresentation.  

          Riley further contends that the price
of the vehicle induced him into thinking he could afford the vehicle and back
out of the deal until he was approved for financing.  There is no testimony
that the price induced Riley to do anything.  Riley claims in his brief that he
took his pickup title to Bossier in reliance on a representation that Bossier
would hold the PT Cruiser until Riley learned whether or not he would go back
to work.  There is no testimony of this reliance or representation.  And Riley
claims in his brief that the ultimate deceptive act was Bossier’s faxed
“threat” to Riley requesting him to bring in the pickup and informing him that
Bossier would keep the PT Cruiser and leave Riley with no transportation.  The
fax was introduced into evidence but it is no evidence that Bossier represented
that the fax was an agreement which confers or involves rights, remedies, or
obligations which it does not have or involve or which are prohibited by law.

          In our review of the record, there is
no evidence that Bossier represented to Riley that the conditional sale and
delivery agreement, or any other document, allowed Riley to call off the deal
after the retail installment contract was signed.  

          Failure to Disclose

          But that is not the end of our
inquiry.  Bossier also contends that the evidence is legally insufficient to
support the second definition of false, misleading, or deceptive act; that
being, that Bossier failed to disclose information concerning goods or services
which were known at the time of the transaction and such failure to disclose
was intended to induce Riley into a transaction which Riley would not have
entered had the information been disclosed.  

          Bossier argues it did not fail to
disclose any information to Riley.  But Riley argues in his brief that because
he signed the retail installment contract before he was notified that he was
approved for financing or that the terms of the financing had changed, Bossier
failed to disclose information.  The only evidence of when Riley was approved for
financing was a fax from Chrysler Credit with the time of 6:02 p.m. on February
10.  However, there is no evidence in the record that had Riley known at the
time that he signed the retail installment contract that he had not yet been
approved for financing, he would not have signed the contract.  Further, there
is no evidence that Bossier failed to disclose the financing terms.  The terms
were printed on the retail installment contract.  And Riley presented no
testimony that he did not know what the terms were or if he did not know, that
had he known, he would not have signed the retail installment contract.  

          The only evidence Riley presented on
this theory was that he would not have signed the retail installment contract
had Bossier told him that he could not back out of the deal after signing it. 
Bossier informed him that after signing the conditional sale and delivery
agreement, he could back out of the deal.  But Riley claims Bossier did not
inform him that he could not back out of the deal once he signed the retail
installment contract.  Contrary evidence that a reasonable juror could not
disregard is found in a comparison of the language of the two documents
signed.  The language of the conditional sale and delivery agreement sets out,
in bold print, that “Buyer may cancel this agreement to purchase at any time
prior to receiving the notification of approval of financing.”  No such
language is found in the retail installment contract.  In fact, the buyer is
warned, in bold print, “Do not sign this contract before you read it or if it
contains any blank spaces. . . .  Buyer acknowledges receipt of a completely
filled-in copy of this contract and agrees to all its terms.”  There is no
evidence that Bossier failed to disclose to Riley that he could not back out of
the retail installment agreement once it was signed.

          Having determined that there was no
evidence to support either definition of false, misleading, or deceptive act or
practice, the evidence is legally insufficient to support the jury’s affirmative
finding that Bossier engaged in any false, misleading, or deceptive act or
practice, and Bossier’s first issue should be sustained.  Further, this issue would
be dispositive of this appeal, and we would not need to discuss the remainder
of Bossier’s first issue or Bossier’s remaining issues.  




Conclusion

          The trial court’s judgment should be
reversed and a judgment rendered that Riley take nothing.  Because the majority
holds otherwise, I respectfully dissent.

 

                                                                   TOM
GRAY

                                                                   Chief
Justice

 

Dissenting opinion
delivered and filed March 14, 2007