Opinion issued February 21, 2008








                   




     





In The
Court of Appeals
For The
First District of Texas




NO. 01-07-00010-CV




GENERAL ELECTRIC CAPITAL CORPORATION, Appellant

V.

A. JOHN KNAPP, JR., A/K/A A. JOHN KNAPP, Appellee




On Appeal from the 113th District Court
Harris County, Texas
Trial Court Cause No. 2005-59969




MEMORANDUM OPINION



          Appellant, General Electric Capital Corporation (“GE”), sued appellee, A. John
Knapp, Jr., a/k/a A. John Knapp (“Knapp”), under the Texas Uniform Fraudulent
Transfer Act (“UFTA”),


 to recover shares of stock that GE alleges were fraudulently
transferred from GE’s debtor, Timothy J. Gollin (“Gollin”), to Knapp. In one issue,
GE contends that the trial court erred by rendering a no-evidence summary judgment
in favor of Knapp. 
          We affirm.
Facts and Procedural History
          1.       The Agreement
          On October 25, 2000, Knapp and a business associate, Timothy J. Gollin
(“Gollin”),


 entered into an agreement (“Agreement”) in which Knapp agreed to
invest on Gollin’s behalf certain funds in a business venture known as Travis Street
Partners, L.L.C. (“TSP”). In exchange, Gollin agreed that until Knapp received a full
return of his principal investment plus interest, Knapp would receive “100% of the
distributions made pro rata to the proportion of [Gollin’s] interest in the Series A
equity which [Knapp had] funded.” Once Knapp was fully reimbursed, Knapp was
to receive 50 percent of Gollin’s distributions until Knapp received four times his
original investment. Thereafter, Knapp was to receive one-third of the distributions
made on Gollin’s interest. On December 26, 2000, the Agreement was made public
through a filing with the Securities and Exchange Commission. 
          On November 1, 2001, GE, a creditor of Gollin’s company, Gollin & Co.,
became a judgment creditor to Gollin & Co. on an old debt. In the agreed judgment,
GE was to recover from Gollin & Co. $389,102.00, plus interest, dating back to
August 19, 1999.
          2.       Related suit against Gollin & Co., Gollin, and Knapp
          In 2003, Hoard Gainer Industry Co., Ltd. (“HGI”),


 another creditor of Gollin
& Co., sued Gollin & Co. on a sworn account and sued Gollin, individually, for
having used the corporation as a sham to perpetrate a fraud. Gollin v. Hoard Gainer
Ind. Co., Ltd., No. 01-03-00435-CV, 2005 WL 1130374, at *1 (Tex. App.—Houston
[1st Dist.] Jan. 20, 2005, pet. denied) (mem. op.). On January 30, 2003, the trial court
rendered judgment that HGI recover from Gollin & Co. $889,037.34. A jury found
that Gollin had used Gollin & Co. to perpetrate a fraud on HGI and that Gollin was
personally liable on the debt. During the suit, HGI learned that Gollin held a stock
interest in TSP. See id. at *2. 
          In early 2004, TSP’s members elected to dissolve TSP. On February 4, 2004,
as part of the winding-up of TSP, Gollin instructed TSP to distribute his interest to
Knapp, pursuant to the Agreement. 
          In September 2004, HGI sued to enforce its judgment against Gollin. HGI also
sued Knapp, under UFTA, to recover the shares Gollin had transferred to Knapp
under the Agreement. Gollin and Knapp moved for a no-evidence summary
judgment. On September 20, 2004, the trial court rendered judgment that HGI was
entitled to take an assignment of any of Gollin’s membership interests in the amount
of any unsatisfied judgment held by HGI, but that “such assignment [was]
subordinate to the Knapp-Gollin assignment [Agreement] granted on October 25,
2000.” In addition, the trial court held that HGI take nothing by way of its suit
against Knapp under the UFTA. 
          In January 2005, in Gollin’s appeal of the judgment against him rendered in 
HGI’s 2003 suit, this court concluded that HGI failed to submit any evidence in the
trial court that Gollin personally benefitted from the unpaid debt. Id. at *5. We
reversed the trial court’s judgment and rendered judgment that HGI take nothing from
Gollin. Id.
 
          In September 2005, in HGI’s appeal of the take-nothing judgment rendered in
favor of Knapp as to HGI’s UFTA claim against Knapp, the Fourteenth Court of
Appeals held that because HGI’s 
fraudulent transfer claim against Knapp was asserted solely with regard
to [HGI’s] claim and judgment against Gollin in the prior case, and
because the judgment has not only been reversed, but a take nothing
judgment rendered in its place, it follows logically that that claim and
judgment are no longer enforceable against Gollin’s assets and that any
transfer of Gollin’s assets cannot be fraudulent as to that claim or
judgment. 
 
Hoard Gainer Ind. Co., Ltd., v. A. John Knapp, No. 14-04-01032-CV, 2005 WL
2149727, at *1 (Tex. App.—Houston [14th Dist.] 2005, pet. denied).
          3.       The instant suit
          On September 14, 2005, GE sued Knapp, asserting that Gollin transferred his
stock in TSP to Knapp “with actual intent to hinder, delay, or defraud Gollin’s
creditor, [HGI]” and that Knapp did not take Gollin’s stock “for a reasonably
equivalent value.” GE sought to avoid the transfer to the extent necessary to satisfy
GE’s 2001 judgment against Gollin. Knapp moved for a no-evidence summary
judgment, the details of which are presented below, which the trial court granted.
No-Evidence Summary JudgmentGE contends that the trial court erred by granting a “no evidence” summary
judgment in favor of Knapp because GE produced more than a scintilla of evidence
on each element of its claim. 
A.      Standard of Review
          After an adequate time for discovery, the party without the burden of proof may
move for summary judgment, with or without presenting evidence, on the basis that
there is no evidence to support an essential element of the non-moving party’s claim. 
Tex. R. Civ. P. 166a(i); Johnson v. Brewer & Pritchard, P.C., 73 S.W.3d 193, 207
(Tex. 2002). First, the movant must specifically state the element as to which there
is no evidence. Tex. R. Civ. P. 166a(i). The burden then shifts to the non-movant to
produce evidence that raises a fact issue on the challenged element. See Johnson, 73
S.W.3d at 207. If the non-movant brings forward more than a scintilla of probative
evidence to raise a genuine issue of material fact, then summary judgment is not
proper. Forbes, Inc. v. Granada Biosciences Inc., 124 S.W.3d 167, 172 (Tex. 2003);
Flameout Design & Fabrication, Inc. v. Pennzoil Caspian Corp., 994 S.W.2d 830,
834 (Tex. App.—Houston [1st Dist.] 1999, no pet.). When determining if more than
a scintilla of evidence has been produced, the evidence must be viewed in the light
most favorable to the non-movant. Ford Motor Co. v. Ridgway, 135 S.W.3d 598, 601
(Tex. 2004). More than a scintilla exists when the evidence “rises to a level that
would enable reasonable and fair-minded people to differ in their conclusions.” Id.
“On the other hand, when the evidence offered to prove a vital fact is so weak as to
do no more than create a mere surmise or suspicion of its existence, the evidence is
no more than a scintilla and, in legal effect, is no evidence.” Id.
          When, as here, a trial court does not state the basis for its decision in its
summary judgment order, we must uphold the order if any of the theories advanced
is meritorious. State Farm Fire & Cas. Co. v. S.S., 858 S.W.2d 374, 380 (Tex. 1993). 
B.      Applicable Law
          Chapter 24 of the Texas Business and Commerce Code, the Texas Uniform
Fraudulent Transfer Act (“UFTA”), provides a statutory cause of action through
which creditors may seek relief from debtors who fraudulently transfer assets or
property out of the reach of creditors. See Tex. Bus. & Com. Code Ann.
§§ 24.001–24.013 (Vernon 2002 & Supp. 2007); Tel. Equip. Network, Inc. v.
TA/Westchase Place, Ltd., 80 S.W.3d 601, 607 (Tex. App.—Houston [1st Dist.] 2002, 
no pet.). As a remedy, the creditor may obtain avoidance of the fraudulent transfer
to the extent necessary to satisfy the creditor’s claim. See Tex. Bus. & Com. Code
Ann. § 24.008(a)(1) (Vernon 2002). The transferee’s awareness of the fraudulent
nature of the transfer is not required. Flores v. Robinson Roofing & Constr. Co., 161
S.W.3d 750, 756 (Tex. App.—Fort Worth 2005, pet. denied).
          Section 24.005, which governs whether a transfer is fraudulent, provides in
pertinent part, as follows:
          (a)     A transfer made or obligation incurred by a debtor is fraudulent
as to a creditor, whether the creditor’s claim arose before or
within a reasonable time after the transfer was made or the
obligation was incurred, if the debtor made the transfer or
incurred the obligation:
                    (1)     with actual intent to hinder, delay, or defraud any creditor
of the debtor; or
                    (2)     without receiving a reasonably equivalent value in
exchange for the transfer or obligation . . . . 
Tex. Bus. & Com. Code Ann. §§ 24.005(a) (Vernon 2002).

C.      Analysis

          Here, GE seeks to avoid Gollin’s transfer of TSP stock to Knapp. To recover
the shares from Knapp under UFTA, GE was required to produce more than a scintilla
of evidence that its claim arose before or a reasonable time after Gollin’s transfer of
stock to Knapp or the obligation to transfer the stock was incurred and either (1) that 
Gollin, as GE’s debtor, made the transfer or incurred the obligation to make the
transfer with actual intent to hinder, delay, or defraud “any creditor” or (2) that Gollin
made a transfer or incurred an obligation without receiving a reasonably equivalent
value in exchange for the transfer or obligation. See id. Knapp moved for summary
judgment on the basis that GE failed to produce evidence of any of these elements.

          In its response to Knapp’s motion for summary judgment, GE focused on the
first element and did not address the alternative second element. We conclude that
the first element is dispositive in this case.

          As to the first element, GE was required to produce more than a scintilla of
evidence that Gollin made the transfer or incurred the obligation to make the transfer
with actual intent to hinder, delay, or defraud “any creditor,” here, HGI. See id.
§ 24.005(a)(1).

          In its response to the motion for summary judgment, GE acknowledges that
UFTA delineates 11 non-exhaustive “badges of fraud” to assist in determining
whether a debtor made a transfer with the requisite fraudulent intent. Tex. Bus. &
Com. Code Ann. § 24.005(b)(1)–(11). However, GE does not address any of these
elements; rather, GE states only that “Gollin’s intent to hinder or delay is properly
inferred [from] the transfer being made while [HGI’s] lawsuit was pending.” 

          The relationship between Gollin and HGI was examined by this court in Gollin
v. Hoard Gainer Ind. Co., Ltd., No. 01-03-00435-CV, 2005 WL 1130374, at *1 (Tex.
App.—Houston [1st Dist.] Jan. 20, 2005, pet. denied) (mem. op.). There, we held that
Gollin was not individually liable to the creditors of Gollin & Co., and we rendered
judgment that HGI take nothing by its claims against Gollin. Id. at *5. 

          Subsequently, the Fourteenth Court of Appeals applied our holding in its
review of HGI’s appeal of the take-nothing summary judgment rendered in favor of
Knapp as to HGI’s UFTA claim against Knapp based on Gollin’s conduct with HGI. 
Hoard Gainer Ind. Co., Ltd., v. A. John Knapp, No. 14-04-01032-CV, 2005 WL
2149727, at *1 (Tex. App.—Houston [14th Dist.] 2005, pet. denied). There, the
court held that because HGI’s 

fraudulent transfer claim against Knapp was asserted solely with regardto [HGI’s] claim and judgment against Gollin in the prior case, and
because the judgment has not only been reversed, but a take nothing
judgment rendered in its place, it follows logically that that claim and
judgment are no longer enforceable against Gollin’s assets and that any
transfer of Gollin’s assets cannot be fraudulent as to that claim or
judgment. 

 
Id.

          Here, as in HGI’s suit against Knapp, GE’s fraudulent transfer claim against
Knapp was asserted solely with regard to HGI’s claim against Gollin in the prior case. 
HGI’s claim against Gollin has been examined, and it has been held that any transfer
of Gollin’s assets under that claim cannot be fraudulent. Hence, this is not evidence.

          Because GE also did not offer any evidence in its response to the motion for
summary judgment as to the alternative second element, that of lack of equivalent
value in exchange, GE has not met its summary judgment burden to show evidence
of each of the elements of its claim.

          GE contends that the issue of intent is a fact question for the jury that is not
properly resolved by summary judgment. Ordinarily, whether the conveyance was
made with intent to defraud creditors is a fact question. However, the court may
resolve the issue of fraudulent intent as a matter of law when, as here, the evidence
indisputably shows that the conveyance was not made with fraudulent intent and no
evidence tends to connect the transferree with any intent to defraud. C.M. Asfahl
Agency v. Tensor, Inc., 135 S.W.3d 768, 788 (Tex. App.—Houston [1st Dist.] 2004,
no pet.).

          Accordingly, appellant’s sole issue is overruled.

Conclusion

          We affirm the judgment of the trial court.



 





                                                             Laura Carter Higley 

                                                             Justice

 
Panel consists of Justices Nuchia, Hanks, and Higley.