In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-08-00296-CV


____________________



GEORGE WERTH, Appellant



V.



SUSAN JOHNSON, INDIVIDUALLY AND AS REPRESENTATIVE 


OF THE ESTATE OF BOBBY WERTH, Appellee 


 




On Appeal from the 163rd District Court


Orange County, Texas


Trial Cause No. B-070038-C






OPINION



 George Werth appeals the summary judgment on his cause of action for fraud against
Susan Johnson, individually and as representative of the Estate of their father, Bobby Werth. 
We affirm the judgment of the trial court.

 Late in his life, Bobby Werth gathered his five children about him and directed his
daughter Susan to write the following: "(George Werth) Skipper is to have house to retire. 
If he (George) is to die the house is to go to the estate of Bobby Werth." Bobby's four
daughters signed below a line that states "I agree." Bobby signed the document later, with
only George present. The will admitted to probate after Bobby's death divided Bobby's
estate equally between his five children and did not provide a life estate in the house for
George. George sued Susan, individually and in her capacity as the executrix of Bobby's
estate, for breach of fiduciary duty and fraud, and asked for a judgment declaring his rights
to the property. Susan filed a counterclaim for intentional infliction of emotional distress. 
The trial court granted Susan's motion for summary judgment. With the filing of amended
pleadings and a severance of remaining issues, only George's fraud claim is at issue in this
appeal. In six issues, George contends the summary judgment record reveals genuine issues
of material fact on the elements of his cause of action for fraud.

 The first three appellate issues relate to the elements of fraud addressed in Susan's no-evidence motion for summary judgment. When the defendant files a combined traditional
and no-evidence motion for summary judgment, we first review the judgment under the no-evidence standards of Rule 166a(I). Ford Motor Co. v. Ridgway, 135 S.W.3d 598, 600-01
(Tex. 2004). We view the evidence in the light most favorable to the non-movant. Id. at 601. 
"A genuine issue of material fact exists if more than a scintilla of evidence establishing the
existence of the challenged element is produced." Id. at 600. "When the evidence offered
to prove a vital fact is so weak as to do no more than create a mere surmise or suspicion of
its existence, the evidence is no more than a scintilla and, in legal effect, is no evidence." 
Kindred v. Con/Chem, Inc., 650 S.W.2d 61, 63 (Tex. 1983).

 "The elements of fraud are a material misrepresentation, which was false, and which
was either known to be false when made or was asserted without knowledge of the truth,
which was intended to be acted upon, which was relied upon, and which caused injury." 
DeSantis v. Wackenhut Corp., 793 S.W.2d 670, 688 (Tex. 1990). A promise to do an act in
the future is actionable fraud when made with the intention, design and purpose of deceiving,
and with no intention of performing the act. See Spoljaric v. Percival Tours, Inc., 708
S.W.2d 432, 434 (Tex. 1986).

 In her motion for summary judgment, Susan claimed there were "no pleadings or
proof that [Susan] made any representations to [George] or that they were false when made
or that they were intended for him to rely upon." In his first issue, George contends at least
a scintilla of evidence establishes a genuine issue of material fact as to whether Susan made
any representations to George. In his response to Susan's no-evidence motion for summary
judgment, George argued the following evidence raised a fact issue on whether Susan made
a false representation: (1) Susan sold the house to her son after promising that George could
live there until his death; (2) Susan drafted the document that promised the house to George;
(3) Susan signed the document that promised the house to George; and (4) George was
present and active at the meeting in which the document was drafted and signed.

 Issue two contends there is a genuine issue of material fact as to whether any 
representations made by Susan were false when they were made, or made recklessly as a
positive assertion without any knowledge of the truth. In his response to the motion for
summary judgment, George argued the following evidence raised a fact issue that Susan
knew her representation was false or made it recklessly without knowledge of its truth: (1)
Susan probated Bobby's will; (2) after assuming her duties as executrix, Susan sold the house
to her son; and (3) Susan denied making any promises or agreements with George in the
paper she signed under the words "I Agree."

 Issue three contends there is at least a scintilla of evidence that Susan intended for
George to rely on any representation made by her. In his response to the motion for summary
judgment, George contended the following evidence established Susan's intent to induce
George to act on her representation: (1) George was present at the family meeting; (2)
George participated in the discussion which produced the document; (3) George watched
Susan draft the document; (4) George watched Susan sign the document under the words "I
Agree."

 George does not claim that the document at issue affected a testamentary transfer. (1) 
Instead, he argues that Susan represented that George would receive the house to live in
when Bobby died. "An expression of an opinion as to the happening of a future event may
also constitute fraud where the speaker purports to have special knowledge of facts that will
occur or exist in the future." Trenholm v. Ratcliff, 646 S.W.2d 927, 930 (Tex. 1983). In
Trenholm v. Ratcliff, the defendant falsely represented that a mobile home park had been sold
and that notices had gone out to tenants; the court held these direct representations of present
facts were so intertwined with the developer's prediction that the trailer park would be
moved as to make the entire statement a representation of facts. Id. at 930-31. George
argues that by drafting and signing a document that stated George was to "have [sic] house
to retire" and that if George were to die "the house is to go to the Estate of Bobby Werth,"
Susan made a present tense statement about a future event of which Susan had special
knowledge. George argues that Trenholm v. Ratcliff supports his position because "Ratcliff
offered his misrepresentations as a land developer 'in-the-know' and Appellee offered hers
as the appointed executrix of her father's estate." When Susan created the writing in
George's presence, however, Susan was not yet the executrix of Bobby's estate. Bobby
Werth was at that moment alive and completely in control of his own estate. The document
at issue was not a will. (2) It is undisputed that Bobby did not provide for a life estate in the
will that has been probated. In her capacity as executrix of Bobby's estate, Susan could not
legally distribute the estate in a manner contrary to the will. See generally Tex. Prob. Code
Ann. § 37 (Vernon 2003). (3) Furthermore, unlike Trenholm v. Ratcliff, nothing in the
document at issue here suggests a present fact. For instance, it does not state that Bobby had
executed a will that created a life estate, nor did it suggest that Bobby had given Susan the
power to convey a life estate in the property to George. At most, by signing the document
Susan agreed that Bobby would bequeath a life estate to George. It is undisputed that Bobby
did not do so.

 George argues that Susan's action in conveying the house to her son after she assumed
her duties as the executrix of Bobby's estate is some evidence that her promise was false
when the document was written and signed. "Failure to perform, standing alone, is no
evidence of the promissor's intent not to perform when the promise was made." Spoljaric,
708 S.W.2d at 435. Other circumstances that may be considered with failure to perform
include the party's denial that she even made a promise. Id. George argues Susan denied
ever making a promise to George. Susan has not denied signing the document; rather, she
disputes that by signing the document she promised George that she would perform a
specified act in the future. Furthermore, there is no evidence that Susan failed to perform a
promise set forth in the document. Only Bobby could provide for the disposition of his
estate. Accordingly, the document can be nothing more than Bobby's daughters' assent to
the creation of a life estate by Bobby; since it is undisputed that Bobby, in fact, did not create
a life estate in his will, Susan could not be called upon to perform her promise to honor such
a bequest. There is no evidence in the summary judgment record that Susan signed the
document knowing that Bobby would not leave a will that created a life estate.

 Because George was present in the room when Susan wrote and signed the document,
George argues there is evidence that Susan had information that would lead a reasonable
person to conclude that there was a special likelihood that George would receive the
information and act upon it. "[A] defendant who acts with knowledge that a result will
follow is considered to intend the result." Ernst & Young, L.L.P. v. Pacific Mut. Life Ins.
Co., 51 S.W.3d 573, 579 (Tex. 2001). George's petition alleges that "[b]y signing the
document, in [George's] presence, [Susan] made a promise, both to [Bobby] and to [George],
that [George] could live in the home until he died." In his summary judgment response,
George identified no evidence that Susan knew that Bobby was not going to provide for a life
estate but intended to deceive George when she wrote and signed the document in George's
presence.

 Considering the evidence in a light most favorable to the appellant, George failed to
produce more than a scintilla of evidence that Susan made any representations to George that
were false when made and were intended for George to rely upon. We overrule issues one
through three. Because there is no evidence of at least one necessary element of George's
cause of action for fraud, the trial court did not err in granting Susan's no-evidence motion
for summary judgment. This holding makes it unnecessary to address remaining issues. We
affirm the judgment of the trial court.

 AFFIRMED.


 _____________________________

 STEVE McKEITHEN

 Chief Justice




Submitted on March 5, 2009

Opinion Delivered August 27, 2009


Before McKeithen, C.J., Kreger and Horton, JJ.
1. At oral argument, appellant conceded both that Bobby's will did not give George a
life estate in the property and that the document at issue in this case is not enforceable as a
codicil to the will.
2. See Tex. Prob. Code Ann. § 59(a) (Vernon 2003) ("Every last will and testament,
except where otherwise provided by law, shall be in writing and signed by the testator in
person or by another person for him by his direction and in his presence, and shall, if not
wholly in the handwriting of the testator, be attested by two or more credible witnesses above
the age of fourteen years who shall subscribe their names thereto in their own handwriting
in the presence of the testator.").
3. Section 37 of the Probate Code provides, in part, as follows:


 When a person dies, leaving a lawful will, all of his estate devised or
bequeathed by such will, and all powers of appointment granted in such will,
shall vest immediately in the devisees or legatees of such estate and the donees
of such powers; . . . subject, however, to the payment of the debts of the
testator . . . but upon the issuance of letters testamentary or of administration
upon any such estate, the executor or administrator shall have the right to
possession of the estate as it existed at the death of the testator or intestate,
with the exception aforesaid; and he shall recover possession of and hold such
estate in trust to be disposed of in accordance with the law.