NO. 07-06-0309-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MAY 28, 2008
_____

SAN ANTONIO AEROSPACE, L.P., APPELLANT

V.

GORE DESIGN COMPLETIONS, LTD., APPELLEE
_____

FROM THE 45TH DISTRICT COURT OF BEXAR COUNTY;

NO. 2003-CI-13979; HONORABLE RICHARD E. PRICE, JUDGE
_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**ON MOTION FOR REHEARING**

In response to the motion for rehearing of appellant, San Antonio Aerospace, L.P. (SAA), we grant the motion, withdraw our opinion and judgment of April 2, 2008, and issue the following opinion in its place.

Factual and Procedural Background

SAA hired Gore as a subcontractor to remove and reinstall the interior of a VIP MD-11 aircraft for $860,000.  Pursuant to the "Work Schedule," at Exhibit A-2 of the contract,

Gore was to have completed the reinstallation by June 9, 2003. Subsequent to the initial contract being executed, a change of scope agreement was entered whereby Gore was to receive an additional $61,000 to operate and maintain a storeroom in which all of the removed aircraft parts were to be stored.

Delays occurred when the aircraft and parts needed for reinstallation were not made available to Gore. As a result of the delays, Gore encountered additional and unexpected expenses. Gore requested additional compensation from SAA by way of a work change order. SAA refused Gore's request for a work change order. As a result of this conflict, Gore withdrew from the project and filed suit claiming breach of contract by SAA and requesting contractual damages or, alternatively, damages for *quantum meruit.* SAA answered and filed a counterclaim alleging that Gore had breached the contract by abandoning the project. SAA also claimed that it had been damaged by the unjust enrichment of Gore and by expenses suffered when Gore abandoned the project.

The jury heard evidence from Gore that its *quantum meruit* claim was for $84,045. Additionally, the jury heard evidence that the total value of the contract to Gore was $921,000. SAA presented evidence that it had been damaged in the amount of $238,900. After the close of evidence, the jury returned a verdict finding: 1) Gore had performed compensable work; 2) the value of Gore's compensable work was $921,000; 3) Gore was not unjustly enriched to the detriment of SAA; 4) SAA breached the contract; 5) SAA unreasonably refused Gore's request for a work change order; 6) Gore breached the contract; 7) SAA breached the contract first; 8) Gore's breach of the contract was excused by SAA's prior breach; 9) SAA's breach was not excused; 10) no damages to SAA for

2

Gore's breach; 11) the amount of Gore's attorney fees; 12) Gore did not stop work because SAA failed to pay invoices or acknowledged amounts when due; 13) the causes of the delays in completion of the reinstallation work; and 14) the amount of SAA's attorney fees.

By five issues, SAA contends that 1) the evidence was legally insufficient to support the award of $172,000 in *quantum meruit* damages to Gore; 2) the award of attorney fees to Gore was error because there was no legal basis for Gore to recover attorney fees; 3) SAA proved its entitlement to $238,000 in damages from Gore as a matter of law; 4) SAA should have been awarded attorney fees because it was entitled to judgment as a matter of law; and 5) a conditional issue that Gore was not entitled to recover under a contract theory.

## Legal Sufficiency of the Evidence

SAA initially posits that there is no evidence to support the jury's damage award of $172,000. In answering the questions submitted, the jury found that the reasonable value of compensable work performed by Gore was $921,000. According to SAA's analysis, the jury's $172,000 award to Gore is the difference between what Gore was paid, $749,000, and the total value of the contract, including managing the storeroom, $921,000. However, SAA contends that Gore cannot be entitled to the full value of the contract when Gore has admitted that it did not fully perform.

Standard of Review

Initially, an allegation that there is no evidence to support the damage award is analyzed as an attack on the legal sufficiency of the evidence. Raw Hide Oil & Gas, Inc. v. Maxus Exploration Co., 766 S.W.2d 264, 275 (Tex.App.–Amarillo 1988, writ denied). In reviewing a verdict for legal sufficiency, we are required to credit evidence that supports the verdict, if reasonable jurors could, and disregard contrary evidence, unless reasonable jurors could not. Kroger Tex. Ltd. P'ship v. Suberu, 216 S.W.3d 788, 793 (Tex. 2006) (citing City of Keller v. Wilson, 168 S.W.3d 802, 827 (Tex. 2005)). A challenge to the legal sufficiency of the evidence will be sustained when, among other things, the evidence offered to establish a vital fact does not amount to more than a scintilla of evidence. Id. Evidence that is so weak as to do no more than create a mere surmise or suspicion that a fact exists does not exceed a scintilla of evidence. Id. (citing Ford Motor Co. v. Ridgway, 135 S.W.3d 598, 601 (Tex. 2004)).

Analysis

A review of the record reveals that, from the outset, Gore claimed that its action was for *quantum meruit* and not based upon the total value of the contract. This was Gore's position in opening arguments and was continued by the testimony of Gore's president and its chief financial officer. In each instance, the witnesses calculated the damages to Gore to be $84,045. Our review of the record reveals that the only basis for the jury's $172,000 damage award to Gore is subtracting the $749,000 that SAA paid Gore from the $921,000 total value of the contract. However, as SAA contends, Gore is not entitled to the full

4

contract value because it did not fully perform.  That Gore did not fully perform was also recognized by the trial court's instruction to the jury that Gore had not substantially completed the work on the aircraft.  As a result, there is no evidence supporting the jury's $172,000 award.  Accordingly, we reverse the trial court's judgment in regard to the *quantum meruit* damages suffered by Gore.  However, there is legally sufficient evidence that Gore suffered some damages as a result of SAA's conduct.  But, because the issue of damages was contested vigorously by SAA, we cannot render judgment for a lesser amount.  Formosa Plastics Corp. v. Presidio Engr. & Contractors, Inc., 960 S.W.2d 41, 51 (Tex. 1998).  Instead, we must remand the case for a new trial.[1]  Id.

Inasmuch as this issue disposes of this appeal, we will not address SAA's other contentions.

### Conclusion

Having determined that the evidence is legally insufficient as to the award of $172,000, but that there is sufficient evidence as to some damages, we reverse the judgment of the trial court and remand the case for a new trial.


Mackey K. Hancock
Justice

---

[1]Pursuant to Texas Rule of Appellate Procedure 44.1(b) the entire case shall be retried.

5