**Opinion filed March 11, 2010**



# In The

# Eleventh Court of Appeals

_____

## No. 11-08-00108-CV

_____

## MICHAEL W. WATERS, Appellant
## V.
## RONALD D. DICKENS, Appellee

**On Appeal from the 266th District Court**

**Erath County, Texas**

**Trial Court Cause No. CV28289**

## MEMORANDUM OPINION ON
## MOTION FOR REHEARING

Ronald D. Dickens's motion for rehearing is granted. This court's original opinion and judgment dated December 3, 2009, are withdrawn, and the following is substituted therefor.

Michael W. Waters sued Ronald D. Dickens and alleged that Dickens negligently injured him. The injuries occurred when a bungee cord or strap struck Waters in the eye. Dickens filed a no-evidence motion for summary judgment, and the trial court granted it. Waters appeals from the take-nothing summary judgment that the trial court entered against him. We affirm.

In his sole issue, Waters argues that he produced more than a scintilla of evidence in response to the no-evidence motion for summary judgment and that the trial court erred when it granted it.

We review a no-evidence summary judgment under the same standard as a directed verdict. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750-51 (Tex. 2003). We examine the record in the light most favorable to the nonmovant. We credit evidence favorable to the nonmovant if reasonable jurors could, and we disregard all contrary evidence and inferences unless reasonable jurors could not. *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009). A trial court must grant a proper no-evidence motion for summary judgment unless the nonmovant produces more than a scintilla of probative evidence to raise a genuine issue of material fact. TEX. R. CIV. P. 166a(i); *Wal-Mart Stores, Inc. v. Rodriguez*, 92 S.W.3d 502, 506 (Tex. 2002). If the evidence is such that it would enable reasonable and fair-minded people to differ in their conclusions, then it is more than a scintilla. *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 601 (Tex. 2004).

When Waters responded to the no-evidence motion for summary judgment, he attached excerpts from his deposition. In that testimony, Waters said that his wife sold a refrigerator to Dickens. Waters put the refrigerator on a piano dolly so that it would be easier to move. He also put two of his bungee cord straps around the refrigerator so that the doors would not open when they moved it. Waters put the bungee straps on the refrigerator. He testified that the straps were very tightly stretched and that "[t]hey were pretty much at their limit."

After Waters and Dickens rolled the refrigerator down the driveway to Dickens's vehicle, Waters began to remove one of the bungee cords. In his affidavit, Waters stated that, when he was in the process of removing the cord or strap, "[Dickens] came from behind me, and he just took the other one loose and let it go." He also said, "Now, I don't know whether he accidentally released it or if he just didn't . . . think about what was going to happen when he turned loose of it, or if he thought, well, I'm going to pop him on the shoulder or the arm. You know, he's sometimes a cutup, so I don't know." In his testimony, Waters also commented, "[Dickens] was very, you know, sorry, just very remorseful that this had happened, and he was, you know, just -- just beside himself with concern." "[H]e just said, I didn't know that would happen, I've not had any experience with these, I've never used those before, I'm sorry, I just -- You know, he was obviously distressed." Waters stated further, "He came from my left up from behind me there and -- and see, I didn't ever -- I didn't see him release the other one, so I don't really know exactly how he approached. I didn't know he

was releasing it until it -- until I was hit." According to his summary judgment proof, when asked whether he had seen Dickens unbuckling the strap, Waters answered, "No, I didn't see him do it."

To sustain a cause of action for negligence, it is necessary to produce evidence of a duty, a breach of that duty, proximate cause, and damage. *Colvin v. Red Steel Co.*, 682 S.W.2d 243, 245 (Tex. 1984). The duty Dickens owed Waters was to act as a reasonable prudent person would act under the same or similar circumstances regarding any reasonably foreseeable risk. *Id.* The difficulty for Waters in this case is that the summary judgment evidence does not show whether Dickens acted as a reasonable prudent person or not; the summary judgment evidence does not show what, if anything, he did or how he did it. Waters testified that he did not see Dickens undo the strap. Inasmuch as Waters did not see Dickens undo the strap, then Waters could not and did not testify that Dickens did so negligently.

A party may establish any material fact by direct evidence or by circumstantial evidence. But, if the evidence does no more than create a suspicion or is no more than a surmise, then the evidence does not amount to more than a scintilla. *Ridgway*, 135 S.W.3d at 601. An inference that is not more than a guess is in effect no evidence. *Id.* Although Dickens expressed the facts that he was sorry, that he was concerned, and that he was not familiar with the type bungee cord straps that Waters used, those statements do not supply the missing evidence. Further, under the pleadings and summary judgment evidence in this case, the mere fact that Waters was injured by the bungee strap does not supply the missing evidence that Dickens acted in a negligent manner. Waters was obligated to produce more than a scintilla of probative evidence that Dickens acted in a negligent manner. Because Waters did not produce more than a scintilla of probative summary judgment evidence to show that Dickens acted in a negligent manner and because that is an element of his case, we overrule Waters's sole issue on appeal.

We affirm the judgment of the trial court.


JIM R. WRIGHT

March 11, 2010                                          CHIEF JUSTICE

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.

3