*Court of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*


## MEMORANDUM OPINION

No. 04-10-00537-CV

Paula **PILEGGI**,
Appellant

v.

Dr. Kenneth **MAVERICK**,
Appellee

From the 131st Judicial District Court, Bexar County, Texas
Trial Court No. 2008-CI-07053
Honorable Barbara Hanson Nellermoe, Judge Presiding

Opinion by:     Steven C. Hilbig, Justice

Sitting:        Karen Angelini, Justice
                Sandee Bryan Marion, Justice
                Steven C. Hilbig, Justice

Delivered and Filed:  September 14, 2011

AFFIRMED

Paula Pileggi appeals the no-evidence summary judgment rendered by the trial court in her medical malpractice suit against Dr. Kenneth Maverick. We affirm.

Pileggi filed this suit in May 2008, complaining of Dr. Maverick's treatment of her eye disease. After conducting discovery, Dr. Maverick filed a motion to exclude the testimony of Pileggi's designated expert, David Tasker, M.D., alleging Dr. Tasker lacked the proper qualifications and his opinions were not based on a reliable foundation. The motion was heard

on April 13, 2010 by the Honorable Gloria Saldaña, who later denied the motion by written order.

At a pretrial conference before the Honorable David Berchelmann in May 2010, Dr. Maverick reurged his motion challenging Dr. Tasker's testimony. Pileggi's attorney stated he had no objection to going forward on the motion. The trial court heard evidence and arguments, and on May 19, 2010, the court granted Dr. Maverick's motion. The court found that Dr. Tasker was not shown to be qualified to testify as an expert and that his opinions were not shown to be based on a reliable foundation. The court ordered that Dr. Tasker would not be permitted to testify as an expert on standard of care or proximate cause.[1]

Dr. Maverick then filed a no-evidence motion for summary judgment pursuant to rule 166a(i) of the Texas Rules of Civil Procedure. Dr. Maverick sought summary judgment on the specific grounds that Pileggi had no evidence: (1) Dr. Maverick's conduct was below the standard of care and therefore no evidence he was negligent; (2) Dr. Maverick's conduct was a proximate cause of Pileggi's injuries; and (3) of damages. Pileggi's response to the motion challenged the trial court's jurisdiction to issue the May 19 order and its jurisdiction to hear the no-evidence motion for summary judgment. Pileggi did not attach or point out to the court any evidence on the issues of standard of care, breach, proximate cause, or damages. The response prayed that the court dismiss the motion because "the court is without jurisdiction to hear the motion." Alternatively, Pileggi requested "the court to deny the motion in all things for the reason that [sic] court has ruled that her expert is qualified." The Honorable Barbara Nellermoe granted the motion and rendered a take-nothing judgment.

---

[1] The order was signed by Judge Berchelmann, who heard the motion on May 3 and May 7; however, the order mistakenly recites the hearing occurred April 13, the date of the previous hearing before Judge Saldaña.

Pileggi raises one issue on appeal:

A district court may not render a no-evidence summary judgment based solely on the entry of an order excluding the plaintiff's only expert in the face of a valid and binding order signed by another district court, on the same motion, which permits the expert to testify.

We disagree with the premise of Pileggi's issue. The trial court granted summary judgment because in her response to the motion, Pileggi failed to produce *any* evidence on the challenged elements. *See* TEX. R. CIV. P. 166a(i) ("[t]he court must grant the motion unless the respondent produces summary judgment evidence raising a genuine issue of material fact"); *Arredondo v. Rodriguez*, 198 S.W.3d 236, 238 (Tex. App.—San Antonio 2006, no pet.) (non-movant's response must specifically identify supporting evidence and point out to trial court where in the evidence the issues are raised). Pileggi's response to the motion for summary judgment did not include or refer to any of her expert's testimony or any other evidence and did not include any assertions as to why there was a fact issue on the issues presented in the motion. The trial court was therefore required to grant the motion. *See* TEX. R. CIV. P. 166a(i); *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004).

We also disagree with Pileggi's assertion that Judge Berchelmann did not have "jurisdiction" to reconsider and grant the motion to exclude Dr. Tasker's expert testimony. Pileggi contends Judge Saldana's order denying the motion to strike "is a valid and binding order, which permits Dr. Tasker to testify as an expert, as a matter of law." Pileggi has not presented any authority holding that a party may not reurge a challenge to an expert's qualifications and the reliability of his opinions. Nor has she proffered any authority holding that a trial court lacks "jurisdiction" or authority to exclude the testimony of an unqualified expert in the face of an earlier ruling denying a motion to strike.

We hold the trial court had jurisdiction to enter the order granting Dr. Maverick's motion to exclude Dr. Tasker's testimony, and the trial court did not err in granting summary judgment because Pileggi failed to produce evidence raising a genuine issue of material fact on the challenged elements of her cause of action. The trial court's judgment is affirmed.

Steven C. Hilbig, Justice