Opinion
issued March 29, 2012



In The

Court
of Appeals

For The

First
District of Texas

————————————

NOS. 01-09-00813-CV;

01-11-00688-CV; &

01-11-00689-CV

———————————

Essex Crane Rental Corp. and Vincent
A. Morano, Appellants

V.

Eric G. Carter D/B/A Eric G. Carter & Associates, Appellee

 

Essex Crane Rental Corp. and Vincent
A. Morano, Appellants

V.



David W.
Farley, Appellee

 

 

Essex
Crane Rental Corp. and Vincent A. Morano, Appellants

V.

KENNETH BEVERLY, Appellee

 

 

 



 

On Appeal from the 151st District
Court 

Harris County, Texas



Trial Court Case Nos. 2002-62464-A,
2002-62464-B, & 2002-62464-C

 



 

DissentingOPINION ON REHEARING

I withdraw my dissenting and concurring opinion dated August
25, 2011 and substitute this opinion in its stead.  Because I would affirm the trial court’s granting
of Carter’s and Farley’s no-evidence motions for summary judgment, I continue
to respectfully dissent.

To prevail on a no-evidence motion for summary judgment, the
movant must establish that there is no evidence to support an essential element
of the non-movant’s claim.  Tex. R. Civ. P.166a(i); see Flameout
Design & Fabrication, Inc. v. Pennzoil Caspian Corp.,994 S.W.2d 830, 834 (Tex. App.—Houston
[1st Dist.] 1999, no pet.). Thereafter, the burden shifts to the non-movant to
present evidence raising a genuine issue of material fact as to the elements
specified in the motion.  Mack Trucks,
Inc. v. Tamez,206 S.W.3d
572, 582 (Tex. 2006).  “The trial court
must grant the motion unless the non-movant produces more than a scintilla of
evidence raising a genuine issue of material fact on the challenged elements.” Flameout
Design & Fabrication,994
S.W.2d at 834.  More than a scintilla of
evidence exists if the evidence “rises to a level that would enable reasonable
and fair-minded people to differ in their conclusions.”Merrell Dow Pharm.,
Inc. v. Havner, 953 S.W.2d
706, 711 (Tex. 1997).  However, “[w]hen
the evidence offered to prove a vital fact is so weak as to do no more than
create a mere surmise or suspicion of its existence, the evidence is no more
than a scintilla and, in legal effect, is no evidence.”  Kindred v. Con/Chem, Inc.,650 S.W.2d 61, 63 (Tex. 1983).  In determining whether a material fact
exists, we may consider both direct and circumstantial evidence.  Ford
Motor Co. v.Ridgway, 135 S.W.3d 598, 601 (Tex. 2004).  “To raise a genuine issue of material fact,
however, the evidence must transcend mere suspicion.”  Id.“Evidence that is so slight as to
make any inference a guess is in legal effect no evidence.”  Id.

Is there a genuine issue of material
fact that precludes the granting of Carter’s and Farley’s no-evidence motions
for summary judgment?

 

Carter’s and Farley’s no-evidence motions for summary
judgment contend that there is no evidence of an agreement or meeting of the
minds between themselves or anyone else to “fraudulently transfer, hide, secret
or otherwise conceal assets with the intent to avoid payment of the debt” to
Essex.  

Citing to Chu v. Hong, 249 S.W.3d 441, 447 (Tex.
2008), Carter and Farleynote
that they could only be liable for
conspiracy if they agreed to the injuryto
be accomplished. Inferring an agreement as to theultimate injury,they contend,
generally arises “from joint participation in thetransactions and from enjoyment of the fruits of the transactions” and in this case, there exists no evidence
that they enjoyed the fruits of the transaction or that their legal fees
depended upon keeping the assets from Essex or any of the McPherson
Entities’ other creditors.Essex contends that the evidence supports the
conclusion that Carter and Farley did agree to the injury to be accomplished
because the purpose and intent behind their actions was to hide assets from
creditors—the exact injury alleged.[1]Essex
further contends that genuine issues of material fact exist as to whether
Carter and Farley had a “meeting of the minds” with the McPherson Entities to
assist in the transfer and shelter of assets from possible seizure by the
McPherson Entities’ creditors, making a no-evidence summary judgment
improper.  In support, Essex argues that
it can be “logically inferred” from the evidence (which is extensively
discussed in the majority opinion and, therefore, need not be repeated here)
that Carter and Farley agreed to help the McPherson Entities hide assets from Essex
and other creditors.

After reviewing the record in its entirety, it is apparent
to me that Essex has failed to set forth any evidence, circumstantial
or direct, that Carter and Farley discussed the idea of defrauding the
McPherson Entities’ creditors, much less that they agreed to it, or that Carter
and Farley had the requisite conspiratorial intent to defraud Essex or any of
the other creditors.  At most, Essex has
produced some evidence that Carter and Farley agreed or intended to engage in
the conduct that resulted in the
injury, which is not sufficient to establish a cause of action for civil
conspiracy.  SeeJuhl v. Airington, 936 S.W.2d 640, 644 (Tex. 1996).  While the evidence produced by Essex may give
rise to some suspicion that Carter
and Farley agreed or intended to defraud Essex, such evidence is insufficient
to raise a genuine issue of material fact on the vital fact of conspiratorial
intent.  See Kindred,650 S.W.2d at 63 (“When the evidence
offered to prove a vital fact is so weak as to do no more than create a mere
surmise or suspicion of its existence, the evidence is no more than a scintilla
and, in legal effect, is no evidence.”); see
also$56,700 inU.S. Currency v. State,730 S.W.2d 659,662 (Tex. 1987) (when
viewing meager circumstantial evidence, if “circumstances are consistent with
either of two facts and nothing shows that one is more probable than the other,
neither fact can be inferred”).  Without
a showing of a meeting of the minds or conspiratorial intent,there is no
evidence of civil conspiracyand summary judgment was proper
with respect to that claim.  See Odem v. Deloitte &Touche, LLP,
No. 04-09-00747-CV, 2011 WL 381721, at *9 (Tex. App.—San Antonio Feb. 2, 2011,
pet. denied) (mem. op.) (affirming grant of no-evidence motion for summary
judgment on civil conspiracy claim because plaintiff failed to present
scintilla of evidence of conspiratorial intent); see alsoShunta v. Westergren, No. 01-08-00715-CV, 2010 WL 2307083,
at *7–8 (Tex. App.—Houston [1 Dist.]June 10, 2010, no pet.) (mem. op.)
(affirming grant of no-evidence motion for summary judgment on civil conspiracy
claim because appellant failed to present evidence of requisite conspiratorial
intent; stating that, at most, evidence presented by appellant was some
evidence that appellee agreed to conduct, but not to injury).

Although the majority apparently believes that the
circumstantial evidence presented by Essex and the inferences to be drawn from
such evidence amounts to more than a scintilla of evidence of conspiratorial
intent, I do not.  On the contrary, vital
facts such as conspiratorial intent must not be established “by piling
inference upon inference.”  SeeSchlumberger Well Surveying Corp. v.
Nortex Oil & Gas Corp., 435 S.W.2d 854, 858 (Tex. 1968) (stating that
although proof of conspiracy “may be, and usually must be made by
circumstantial evidence, . . .a vital fact may not be established by piling
inference upon inference”). 

For these reasons, I would affirm the trial court’s final
judgments as to Carter and Farley.

 

                                                                   Jim
Sharp

                                                                   Justice


 

Panel consists of Justices Keyes, Sharp, and Massengale.

 

Justice Sharp, dissenting. 











[1]           Essex also replied that because neither Carter
nor Farley raised a no-evidence challenge as to whether they “enjoyed the
fruits of the transaction” or agreed to the ultimate injury, they are precluded
from relying on these arguments on appeal. 
Whether Carter or Farley “enjoyed the fruits of the transaction” or
agreed to the ultimate injury, however, goes to the issue of conspiratorial
intent.  Both Carter and Farleychallenged
Essex’s evidence of conspiratorial intent in their respectivenon-evidence motions
for summary judgment.