**Affirmed and Opinion Filed July 31, 2018**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-17-00869-CV

**BOYD BIGGS, Appellant**

**V.**

**BRADFORD MANAGEMENT COMPANY AND STATE TEACHERS RETIREMENT SYSTEM OF OHIO, Appellees**

**On Appeal from the 134th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-13-02424**

## MEMORANDUM OPINION

Before Justices Bridges, Brown, and Boatright
Opinion by Justice Bridges

Boyd E. Biggs appeals from the trial court's order denying his motion for partial summary judgment and granting summary judgment in favor of Bradford Management Company and the State Teachers Retirement System of Ohio (STRS). In two issues, Biggs argues the trial court erred in granting summary judgment in favor of Bradford and STRS and denying his motion for partial summary judgment. We affirm the trial court's judgment.

The summary judgment record shows that STRS owns a 508,000-square-foot building in Fort Worth, Texas, which is managed by Bradford. In 2004, STRS leased the building to Cott Beverages, Inc., which conducts its operations at approximately 250 to 300 buildings across the United States and puts beverages into bottles and cans. At the time Cott leased the building, it had 100 skylights/smoke vents, and Cott added 100 more. In June 30, 2011, Biggs was a Cott

employee and was assigned to clean air conditioning coils on the roof of the building. While attempting to unwind a water hose, Biggs walked backward and fell through a skylight. Biggs fell thirty-five feet to the concrete floor below and was injured.

In February 2013, Biggs filed his original petition alleging claims of negligence and premises liability against Bradford and STRS. By September 2015, Biggs had filed his seventh amended petition, and Bradford and STRS filed a traditional and no-evidence motion for summary judgment in which they argued, among other things, they owed no duty to Biggs "for any open and obvious previously existing allegedly dangerous conditions on the leased property."

In November 2015, Biggs filed a response to Bradford and STRS's motion for summary judgment. The response was supported, in part, by Biggs's deposition testimony. Biggs testified he had been on the roof approximately thirty times during the four months he worked at Cott, and "you can't avoid" seeing the skylights on the roof. Biggs testified he used the same hose and "most of the times" he was on the roof he "pulled it around the way [he was] doing the day of the incident." Biggs "had been told that there had been a hailstorm before," and he was aware roofing contractors had been on the roof after the hailstorm. Biggs testified the skylight should have had a warning regarding its structural integrity. According to Biggs, the skylight was "the equivalent of a piece of Saran Wrap stretched over an open hole."

In August 2016, Biggs filed his eleventh amended original petition in which he asserted premises liability and negligence claims against Bradford and STRS. Biggs alleged Bradford and STRS had a contractual obligation under the lease with Cott, to keep the roof of the building in good order, condition, and repair. Biggs alleged Bradford and STRS received actual notice of hail damage to the roof, which included fractures and/or holes in the skylight through which Biggs fell, but failed to take any action "beyond applying duct tape" despite their duty to "secure and make safe the unguarded and fractured skylight." Based on these facts, Biggs alleged he was an invitee

–2–

at the building, and Bradford and STRS owed him a duty to use ordinary care, including the duty to protect and safeguard him from unreasonably dangerous conditions on the premises or to warn of their existence. Biggs alleged he suffered injuries as a direct and proximate result of his fall caused by the dangerous condition of the premises, and Bradford and STRS knew or should have known the dangerous condition existed and was caused by a hailstorm five weeks before. Biggs alleged Bradford and STRS had a duty to repair the skylight, were negligent in permitting the dangerous condition to exist, and negligently or willfully failed to warn Biggs of the dangerous condition, even though Bradford and STRS knew or should have known of the dangerous condition. Moreover, Biggs alleged, Bradford and STRS had a non-delegable duty as owner of the premises to keep the premises safe and were therefore "jointly and severally liable for the negligence of any contractor or subcontractor whose prior negligence created or contributed to the dangerous condition," including several named roofing companies. Regarding Bradford and STRS's own negligence, among other things, Biggs alleged they were negligent in failing to maintain the premises, warn Biggs and Cott of the extremely dangerous condition, take proper steps to ensure the area was safe, properly inspect the area when they knew or should have known of the dangerous condition, and safely conduct reconstruction or remodeling of the roof or repair the hail damage.

In February 2017, Biggs filed a motion for partial summary judgment alleging, among other things, that STRS and its agents were obligated to keep the skylight in good order, condition, and repair both before and after the May 24, 2011 hail damage. Also in February 2017, Bradford and STRS filed their first amended motion for summary judgment. The motion argued Cott's lease made Cott responsible for all building repairs and maintenance. After the May 24, 2011 hail event, Bradford sent a roofing contractor, Cardinal Roofing, to inspect the roof, and Cardinal found black duct tape on some of the skylights. The motion was supported by the affidavit of Cardinal

employee Kirk Lopeman, who stated Cardinal would not have placed black duct tape on any of the skylights because Cardinal used a black and white "peel-and-stick" material to make temporary repairs. Lopeman stated that the duct tape placed on the skylights was put there by someone within the maintenance department at Cott.

> As grounds for summary judgment, the motion stated, among other things, the following:

> As a matter of law, since [Biggs] was an employee of a tenant, [STRS] and [Bradford], as the leasing agent standing in place of [STRS], owed no duty to [Biggs] for any open and obvious previously existing allegedly dangerous conditions on the property.

On April 21, 2017, the trial court signed an order denying Biggs's motion for partial summary judgment and granting Bradford and STRS's motion for summary judgment. The trial court's order stated the Texas Supreme Court has declined imposing a duty on the part of an owner of a warehouse for premises conditions that are open and obvious; the skylights were a condition of the premises which were open and obvious; and, furthermore, Bradford and STRS had no duty to warn Biggs against his own dangerous activities. This appeal followed.

In his first issue, Biggs argues the trial court erred in granting summary judgment for Bradford and STRS because the condition of the skylight was not open and obvious and they had a duty to use reasonable care in repairing and maintaining the skylight.

We review the trial court's decision to grant summary judgment de novo. *Tex. Mun. Power Agency v. Pub. Util. Comm'n of Tex.*, 253 S.W.3d 184, 192 (Tex. 2007). A party seeking a no-evidence summary judgment must assert that no evidence exists as to one or more of the essential elements of the nonmovant's claim on which the nonmovant would have the burden of proof at trial. *See* TEX. R. CIV. P. 166a(i); *Henning v. OneWest Bank FSB*, 405 S.W.3d 950, 957 (Tex. App.—Dallas 2013, no pet.). "The motion must state the elements as to which there is no evidence." TEX. R. CIV. P. 166a(i); *Henning*, 405 S.W.3d at 957. Once the movant specifies the elements on which there is no evidence, the burden shifts to the nonmovant to raise a fact issue on

the challenged elements. *See* TEX. R. CIV. P. 166a(i); *Henning*, 405 S.W.3d at 957; *see also S.W. Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex. 2002). We review a no-evidence motion for summary judgment under the same legal sufficiency standard used to review a directed verdict. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750-51 (Tex. 2003); *Flood v. Katz*, 294 S.W.3d 756, 762 (Tex. App.—Dallas 2009, pet. denied). Our inquiry focuses on whether the nonmovant produced more than a scintilla of probative evidence to raise a fact issue on the challenged elements. *See King Ranch*, 118 S.W.3d at 751; *Flood*, 294 S.W.3d at 762. Evidence is no more than a scintilla if it is "so weak as to do no more than create a mere surmise or suspicion" of a fact. *King Ranch*, 118 S.W.3d at 751. If a no-evidence motion for summary judgment and a traditional motion for summary judgment are filed which respectively asserts the plaintiff has no evidence of an element of its claim and alternatively asserts that the movant has conclusively negated that same element of the claim, we address the no-evidence motion for summary judgment first. *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004).

To prevail on a traditional summary judgment motion, a movant has the burden of proving that he is entitled to judgment as a matter of law and that there is no genuine issue of material fact. TEX. R. CIV. P. 166a(c); *Cunningham v. Tarski*, 365 S.W.3d 179, 185-86 (Tex. App.—Dallas 2012, pet. denied). When a defendant moves for summary judgment, he must either (1) disprove at least one essential element of the plaintiff's cause of action or (2) plead and conclusively establish each essential element of an affirmative defense, thereby defeating the plaintiff's cause of action. *Cunningham*, 365 S.W.3d at 186. In determining whether there is a genuine fact issue precluding summary judgment, evidence favorable to the nonmovant is taken as true and the reviewing court makes all reasonable inferences and resolves all doubts in the nonmovant's favor. *Id.*; *Nixon v. Mr. Prop. Mgmt. Co., Inc.*, 690 S.W.2d 546, 548–49 (Tex. 1985). A matter is conclusively established if reasonable minds cannot differ as to the conclusion to be drawn from the evidence.

*Cunningham*, 365 S.W.3d at 186; *see also City of Keller v. Wilson*, 168 S.W.3d 802, 816 (Tex. 2005).  Once a movant conclusively establishes an affirmative defense, the burden of production shifts to the nonmovant to present summary judgment evidence that raises a fact issue on at least one element of the movant's affirmative defense or an exception or defense to that affirmative defense.  *Cunningham*, 365 S.W.3d at 186.

The Texas Supreme Court has "declined to impose a duty for premises conditions that are open and obvious, regardless of whether such conditions are artificial or naturally occurring." *4Front Engineering Solutions, Inc. v. Rosales*, 505 S.W.3d 905, 912 (Tex. 2016).  In *4Front*, the plaintiff was injured on defendant's premises when an electrician hired by defendant to repair a sign drove the scissor lift in which plaintiff was riding off the sidewalk, causing the lift to topple and injure plaintiff.  *See id.* at 906-07.  The court declined to impose a duty for premises conditions that were open and obvious "even if the sidewalk's edge was dangerous and did proximately cause the accident."  *Id.* at 912.

Here, as the trial court determined, the skylights were an open and obvious condition of the property.  Biggs testified he had been up on the roof approximately thirty times, and he knew "you can't avoid" seeing the skylights.  Biggs knew there had been a hailstorm, and roofing contractors had been on the roof after the hailstorm.  Biggs himself described the skylight as "the equivalent of a piece of Saran Wrap stretched over an open hole."  Because the dangerous nature of the skylights was open and obvious, Bradford and STRS owed no duty to Biggs.  *See id.* at 912. Therefore, the trial court did not err in granting summary judgment in favor of Bradford and STRS on Biggs's claims arising out of his fall through the skylight.  *See* TEX. R. CIV. P. 166a(i); *4Front*, 505 S.W.3d at 912; *King Ranch*, 118 S.W.3d at 750-51.  We overrule Biggs's first issue.  Because of our disposition of Biggs's first issue, we need not address his second issue in which he argues the trial court erred in denying his motion for partial summary judgment.

We affirm the trial court's judgment.



          /David L. Bridges/
          DAVID L. BRIDGES
          JUSTICE


170869F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

BOYD BIGGS, Appellant

No. 05-17-00869-CV          V.

BRADFORD MANAGEMENT
COMPANY AND STATE TEACHERS
RETIREMENT SYSTEM OF OHIO,
Appellees

On Appeal from the 134th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-13-02424.
Opinion delivered by Justice Bridges.
Justices Brown and Boatright participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellees BRADFORD MANAGEMENT COMPANY AND STATE TEACHERS RETIREMENT SYSTEM OF OHIO recover their costs of this appeal from appellant BOYD BIGGS.

Judgment entered July 31, 2018.