

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-18-00174-CV
_____

JON E. JACKS, APPELLANT

V.

THE ZONING BOARD OF ADJUSTMENT OF
THE CITY OF BRYAN, TEXAS, APPELLEE

On Appeal from the 272nd District Court
Brazos County, Texas[1]
Trial Court No. 16-003188-CV-272, Honorable Travis B. Bryan, Presiding

July 9, 2019

MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Appellant, Jon E. Jacks, appeals the trial court's grant of summary judgment in favor of appellee, the Zoning Board of Adjustment of the City of Bryan, Texas, and denial of Jacks' motion for summary judgment. We affirm the trial court's judgment.

---

[1] Originally appealed to the Tenth Court of Appeals, this appeal was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. TEX. GOV'T CODE ANN. § 73.001 (West 2013). Should a conflict exist between precedent of the Tenth Court of Appeals and this Court on any relevant issue, this appeal will be decided in accordance with the precedent of the transferor court. TEX. R. APP. P. 41.3.

## Background

Jacks purchased a piece of property in a residential subdivision with the intent of building a commercial laundromat on the land. Because the original plan for the subdivision had been filed with the City in 1960, Jacks contends that he possesses vested rights under chapter 245 of the Texas Local Government Code that require that only those zoning laws and regulations that were in effect in 1960 apply to Jacks' property. Relying on an e-mail "denial" from Martin Zimmermann, Planning Manager for the City, Jacks pursued an appeal of this decision to the Board. The Board denied Jacks' request because, *inter alia*, he failed to identify any specific regulation that had changed since 1960 that affected Jacks' development of the property, and because Jacks failed to identify any permit application that he had submitted to the Board that had been denied. Following the Board's denial, Jacks appealed the Board's decision in the district court. Jacks filed a motion for summary judgment that included both traditional and no-evidence grounds. The Board filed a motion for summary judgment asserting both traditional and no-evidence grounds. After holding a hearing, the trial court granted the Board's motion and denied Jacks' motion. As a result, Jacks timely filed the instant appeal.

By his appeal, Jacks presents five issues. His first issue contends that the trial court erred in failing to find that Jacks possessed vested rights in the property pursuant to chapter 245 of the Texas Local Government Code. Jacks' second issue contends that the trial court erred by considering evidence on appeal that was not presented to the Board prior to its decision to deny Jacks' vested property rights. By his third issue, Jacks contends that the trial court considered defective affidavits as proper summary judgment evidence. Jacks' fourth issue contends that the trial court erred in finding that the Board

properly analyzed and applied chapter 245 of the Texas Local Government Code. By his fifth issue, Jacks contends that the trial court erred in denying Jacks' no-evidence motion for summary judgment.

Analysis

<u>Issues One and Four</u>

Jacks' first issue contends that the trial court erred in failing to find that Jacks possessed vested rights in the property under chapter 245 of the Texas Local Government Code. *See* TEX. LOCAL GOV'T CODE ANN. § 245.002 (West 2016). Relatedly, Jacks' fourth issue contends that the trial court erred in concluding that the Board properly analyzed and applied chapter 245. Because these two issues are so interrelated, we will address them together.

Appellate courts review a trial court's summary judgment de novo. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). We review the evidence presented in the motion and response in the light most favorable to the party against whom the summary judgment was rendered, crediting evidence favorable to that party if reasonable jurors could and disregarding contrary evidence unless reasonable jurors could not. *Id.* (citing *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005), and *Johnson v. Brewer & Pritchard, P.C.*, 73 S.W.3d 193, 208 (Tex. 2002)). When, as here, a party moves for both traditional and no-evidence summary judgment, we first review the trial court's judgment under the standards of Rule 166a(i), because if the nonmovant failed to meet the no-evidence standard, there is no need to analyze whether the movant's

summary judgment proof satisfied the less stringent burden under Rule 166a(c). *See Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004).

A no-evidence motion for summary judgment is essentially a motion for a pretrial directed verdict. *See* TEX. R. CIV. P. 166a(i); *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009). After an adequate time for discovery, a party without the burden of proof may, without presenting evidence, seek summary judgment on the ground that there is no evidence to support one or more essential elements of the non-movant's claim or defense. TEX. R. CIV. P. 166a(i); *Rust v. Tex. Farmers Ins. Co.*, 341 S.W.3d 541, 550 (Tex. App.—El Paso 2011, pet. denied). The motion must specifically identify the element(s) for which there is no evidence because Rule 166a(i) does not permit conclusory or general no-evidence challenges. TEX. R. CIV. P. 166a(i); *Timpte Indus., Inc.*, 286 S.W.3d at 310. The trial court is required to grant the motion if the nonmovant fails to produce summary judgment evidence that raises a genuine issue of material fact on the challenged element(s). *See* TEX. R. CIV. P. 166a(i); *Rust*, 341 S.W.3d at 550. However, when the nonmovant presents more than a scintilla of probative evidence to raise a genuine issue of material fact, a no-evidence summary judgment is improper. *Rust*, 341 S.W.3d at 550 (citing *Smith v. O'Donnell*, 288 S.W.3d 417, 424 (Tex. 2009)).

Under section 245.002, once an application for the first permit of a property-development project is filed for review with an appropriate municipal agency, *all subsequent applications for permits* shall be considered under the laws and regulations in effect at the time that the first application for a permit was filed. *Id.* § 245.002(a). The statute clearly and unambiguously calls for the filing of a subsequent application for a

4

permit as necessary to invoke a claim of vested rights.[2] *BCCA Appeal Grp., Inc. v. City of Houston*, 496 S.W.3d 1, 20 (Tex. 2016) (quoting *State v. Shumake*, 199 S.W.3d 279, 284 (Tex. 2006), for the proposition that when a "statute is clear and unambiguous, we must apply its words according to their common meaning without resort[ing] to rules of construction[. . . .]"). By requiring a vested-rights claimant to file an application for a permit to invoke alleged vested rights, the statute provides a triggering mechanism which puts the municipal agency on notice of the claim as well as identifying the nature of that claim. Consequently, we construe section 245.002(a) as requiring the filing of an application for a permit to invoke a claim for vested property rights under chapter 245.

As alleged by the Board in its motion for summary judgment, Jacks has not identified an application for a permit that he has filed with the Board that has been denied or that has been wrongly decided under current laws or regulations rather than under the laws and regulations that existed in 1960. In fact, the only permits that remained pending while Jacks sought review from the trial court were permits filed with the Site Development Review Committee, which is a separate department from the Board with separate responsibilities.[3] Because the statute contemplates that the assertion of vested rights in application of previous laws is raised by the filing of an application for a permit, we cannot conclude that Jacks has properly invoked application of section 245.002(a). *See* TEX.

---

[2] Jacks analogizes our construction of section 245.002(a) requiring an application for a permit to the "fair notice form" that was required in *City of San Antonio v. Greater San Antonio Builders Ass'n*, 419 S.W.3d 597, 603 (Tex. App.—San Antonio 2013, pet. denied). The "fair notice form" in *City of San Antonio* required substantial information be provided at the time that an application for a permit was filed. *Id.* at 602-03. The Texas Supreme Court found that requiring substantial additional information as a prerequisite to a determination of a party's vested property rights runs afoul of chapter 245. *Id.* at 603. We conclude that *City of San Antonio* holds that additional requirements beyond those expressly found in section 245.002 may not be imposed. In the present case, we are simply identifying the requirement expressly contained within the statute.

[3] We also note that Jacks specifically disclaims raising any issue involving his pending site plan.

LOCAL GOV'T CODE ANN. § 245.002(a).  As such, we cannot conclude that the trial court erred in granting the Board's summary judgment because there is no evidence that Jacks properly raised the issue of his vested rights by filing an application for a permit.[4]  We also cannot conclude that the Board failed to properly analyze and apply chapter 245 because Jacks did not properly invoke his claim of vested rights by filing an application for a permit with the Board.  We overrule Jacks' first and fourth issues.

Issues Two and Three

Jacks' second issue contends that the trial court erred by considering evidence on appeal that had not been presented before the Board when the Board denied Jacks' appeal.  However, the only evidence he explicitly identifies as being wrongly considered by the trial court is two affidavits that Jacks also addresses in his third issue.  Consequently, we will consider these two issues together.  We initially note that Jacks failed to obtain rulings on any evidentiary objections he raised at either the trial court or Board levels and, therefore, has failed to preserve this issue for appellate review.  *See* TEX. R. APP. P. 33.1(a)(2).  However, even if Jacks had properly preserved his objections, section 211.011 of the Texas Local Government Code authorizes a trial court to receive additional evidence that was not part of the record before a board of adjustment.  *See* TEX. LOCAL GOV'T CODE ANN. § 211.011(e) (West 2016).  Finally, Jacks has made no effort to establish how he was harmed by the trial court's consideration of the two specified affidavits.  To reverse a judgment based on a claim of error in the admission or exclusion of evidence, a party must show that the error probably resulted in an improper judgment.

---

[4] Our resolution of this issue is strictly limited to the stated basis and should not be construed as an implied rejection of any other argument advanced by the Board as grounds that would have supported the trial court's grant of summary judgment in favor of the Board.

6

TEX. R. APP. P. 44.1(a); *City of Brownsville v. Alvarado*, 897 S.W.2d 750, 753 (Tex. 1995). Consequently, we overrule Jacks' second and third issues.

Issue Five

By his fifth issue, Jacks contends that the trial court erred in denying his no-evidence motion for summary judgment. By this issue, Jacks contends that the Board did not respond to his motion with necessary evidence to defeat Jacks' motion and, as such, the trial court erred in not granting Jacks' motion. However, Jacks' no-evidence motion for summary judgment only challenges the propriety of the Board's affirmative defenses, which is all that a plaintiff's no-evidence summary judgment could challenge. Consequently, even assuming that Jacks were correct, the trial court still would have been tasked with determining whether Jacks had asserted a proper claim for vested rights. Because we have concluded above that Jacks did not properly invoke his vested rights claim, we conclude that whether the trial court erred in failing to grant Jacks' no-evidence motion for summary judgment is immaterial. We overrule Jacks' fifth issue.

Conclusion

Having overruled each of Jacks' issues, we affirm the judgment of the trial court.

Judy C. Parker
Justice

7