# Supreme Court of Texas

No. 23-0341

Dallas County Hospital System d/b/a
Parkland Health and Hospital System,

*Petitioner*,

v.

Sheri Kowalski,

*Respondent*

On Petition for Review from the
Court of Appeals for the Fifth District of Texas

**PER CURIAM**

To prevail on a disability-based discrimination claim, a plaintiff must show, among other things, that the discriminating party understood the plaintiff to be disabled or at least that she claims a disability. Such evidence is lacking here. Indeed, the record shows a consistent disclaimer of disability by the plaintiff to her employer. Because the employer is a governmental entity, the lack of a fact question means it was entitled to dismissal based on its plea to the jurisdiction. We therefore reverse and render a judgment of dismissal.

# I

Sheri Kowalski served as director of finance at Parkland Hospital from January 2016 until January 2018. At some time before December 2017, Kowalski began to experience neck and back pain while working at her computer. After speaking with another Parkland employee who had alleviated similar discomfort by requesting a new keyboard tray, Kowalski decided to do the same. She emailed Parkland's facilities department to request new ergonomic keyboard and mouse trays and adjustment of her computer monitors. Kowalski's supervisor approved these requests and forwarded them to Parkland's human-resources department, which is called the "office of talent management."

Things did not go as Kowalski had hoped. She alleges that, while her coworker received the requested accommodation without further effort, the office of talent management treated Kowalski's request differently. Specifically, the office classified the request as a "reasonable accommodation complaint," thus triggering a distinct bureaucratic procedure. It required Kowalski to have a "treating provider" fill out an accommodation-request form, which she was then directed to forward to a third-party company called CareWorks. Kowalski did all this under protest. She expressed multiple times that she was not filing a disability-related claim and was not disabled. Kowalski's chiropractor, who filled out the accommodation-request form, likewise expressed frustration at the bureaucratic rigamarole; she modified the form in several places to note that Kowalski needed only an "ergonomic assessment," not a disability accommodation. The form's second question asked whether

2

Kowalski had "a physical or mental impairment[] as recognized under [the] ADA," and the chiropractor answered "no."

After CareWorks received the completed request form, Kowalski's long-sought ergonomic assessment took place in January 2018. Literally minutes after it was completed, Kowalski was notified that her position with Parkland had been eliminated. Parkland offered her the chance to apply for a newly created position similar to her previous role, but Kowalski rejected that offer and instead filed a complaint with the Equal Employment Opportunity Commission. She subsequently sued Parkland on the same theory she advanced before the EEOC—specifically, that Parkland fired her because she was disabled, as well as in retaliation for her earlier complaints about the accommodation process, and in so doing had violated Chapter 21 of the Texas Labor Code.

Parkland filed a plea to the jurisdiction, arguing that Kowalski failed to establish the prima facie elements for each of her claims. The trial court denied the plea. Parkland appealed, and the court of appeals affirmed. As relevant here, the court concluded that Parkland's decision to route Kowalski's request through the accommodations process raised a fact question as to whether Parkland regarded Kowalski as disabled. It further held that Kowalski's emails to Parkland's management, which complained that she was subjected to more bureaucratic requirements than a similarly situated coworker, raised a fact question about whether Kowalski had opposed a discriminatory practice prior to being fired. Parkland petitioned for review.

3

## II

Chapter 21 of the Labor Code makes it unlawful for employers to discharge employees "because of . . . disability." TEX. LAB. CODE § 21.051. Disability is defined as (1) "a mental or physical impairment that substantially limits at least one major life activity"; (2) "a record of such an impairment"; or (3) "being regarded as having such an impairment." *Id*. § 21.002(6). Thus, "to bring a disability-discrimination claim under the [Labor Code], a plaintiff can assert that she actually had an impairment and was discriminated against because of that impairment" or that "her employer 'regarded' her as having an impairment" and discriminated against her because of that perception. *Tex. Tech Univ. Health Scis. Ctr.–El Paso v. Niehay*, 671 S.W.3d 929, 935 (Tex. 2023). The Code further forbids retaliating against an employee who, among other things, "opposes a discriminatory practice." TEX. LAB. CODE § 21.055(1).

We understand Kowalski to assert both a straightforward disability-discrimination claim and a "regarded as" claim, as well as a claim for retaliation. Because Parkland is a state entity entitled to sovereign immunity absent a waiver, it was Kowalski's burden to "provide[] evidence . . . sufficient to create a genuine fact issue material" as to at least one of these allegations. *Niehay*, 671 S.W.3d at 935. We hold that, because Kowalski failed to establish a fact issue on any of them, Parkland's plea should have been granted.

We first address the straightforward disability-discrimination claim. Section 21.002(6) of the Labor Code requires Kowalski to show that she suffered an "impairment that substantially limits at least one major life activity." Kowalski offers no proof of such an impairment

4

beyond her testimony, recharacterizing her neck pain as "severe," "caus[ing] her difficulty when driving, typing at a computer for long periods of time, turning her head or turning around, sleeping, and focusing or concentrating." But mere "difficulty" with everyday tasks is a far cry from what the statute requires: a *significant* limitation of a *major* life activity. TEX. LAB. CODE § 21.002(6).

Moreover, Kowalski does not allege now, and no evidence from her time at Parkland indicates, that she was actually unable to complete (that is, that she was in any way *limited* as to) any of the tasks or activities that she describes. Quite the opposite: when Kowalski's chiropractor was asked whether Kowalski suffered from a limitation that met the above criterion, she answered no. Kowalski had repeatedly made the same point in emails to Parkland management.

Thus, even assuming that what Kowalski now alleges would rise to the level of a disability, and even assuming that she is now telling the truth about it, she cannot plausibly argue that Parkland discriminated against her based on a disability that she and her chiropractor actively denied and concealed from Parkland. Post-litigation descriptions of an impairment where "there is no evidence that the [defendant] was aware of" the alleged severity before taking the challenged action are irrelevant. *City of Houston v. Proler*, 437 S.W.3d 529, 535 (Tex. 2014). Because Kowalski cannot meet the "significant limitation" definition of disability, her first disability-based discrimination claim fails.

The court of appeals held otherwise. It reasoned that, even though Kowalski and her chiropractor both disclaimed a qualifying impairment under the Code, the relevant form also showed that Kowalski "needed

5

a[n] . . . accommodation . . . so that [she] could work more comfortably." ___ S.W.3d ___, 2023 WL 2782312, at *7 (Tex. App.—Dallas Apr. 5, 2023). In the court's view, that constituted "more than a scintilla of evidence" that she had a disability under the Labor Code. *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004).

We disagree. The crucial point is whether Kowalski suffered an impairment that substantially limited at least one major life activity; no fact issue arises as to that point on account of the potential for her to be more comfortable at work. Allowing claims of mild discomfort to qualify as disabilities would substantially lower a plaintiff's burden below the Labor Code's requirements. Everyone could claim a disability if that were true because everyone can be made more comfortable. The court of appeals should have dismissed, rather than upheld, Kowalski's first discrimination claim.

We next turn to Kowalski's regarded-as claim. Under Section 21.002(6)'s second clause, an employee who is discriminated against because she is "regarded as having [] an impairment" may have a claim, regardless of whether she is truly impaired. And under Section 21.002(12-a), regarded-as claimants "need not present evidence that the [perceived] impairment 'substantially limits at least one major life activity.'" *Niehay*, 671 S.W.3d at 936 n.17 (quoting Tᴇx. Lᴀʙ. Cᴏᴅᴇ § 21.002(12-a)). Thus, it was Kowalski's burden to establish a fact issue as to whether Parkland regarded her as impaired, whether or not she truly was and whether or not that impairment substantially limited a major life activity. *Id.* at 935.

6

Kowalski failed to satisfy that burden. She repeatedly complained to Parkland management when asked to complete the initial accommodation request, protesting that she did not "file an ADA complaint" and instead only wanted the "ergonomic evaluation" described by her coworker. Kowalski's chiropractor, we reiterate, likewise told Parkland that Kowalski did not have a "physical or mental impairment[]" when she submitted the relevant form. Once in litigation, Kowalski changed her view and claimed to have suffered a disability all along, crediting her attorneys for changing her understanding of the term, but such *post hoc* repositioning could not have motivated Parkland's prior dismissal of Kowalski. *Cf. Proler*, 437 S.W.3d at 535. Numerous internal communications were produced below, but none of them provide any evidence that Parkland believed—contrary to what both Kowalski herself and her chiropractor said—that she was disabled. Kowalski therefore has failed to establish a fact issue on this point.

The court of appeals held otherwise. The court seemed to have viewed the fact that Parkland asked Kowalski to "follow [its] policies for reasonable accommodations under the ADA" as sufficient evidence to show that Parkland regarded Kowalski as disabled. 2023 WL 2782312, at *7. The reason that this holding was erroneous appears on the face of the relevant policies and the form at issue. Under the policies, the accommodation-request form sent to Kowalski's chiropractor constitutes the first step. That form begins by asking *if* Kowalski had "a physical or mental impairment[] as recognized under ADA." In other words, Parkland's accommodation policy expressly contemplates that the participant may not be disabled—it is not *limited* to those who are

7

disabled. The process would help Parkland determine if Kowalski was disabled or not—but the court of appeals treated the process itself as assuming a positive conclusion. Parkland's plea to the jurisdiction should have been granted as to Kowalski's regarded-as claim.

Finally, we resolve Kowalski's claim for retaliation. As relevant here, the Labor Code protects employees from retaliation for either "oppos[ing] a discriminatory practice" or "fil[ing] a complaint." TEX. LAB. CODE § 21.055(1), (3). Not just any complaint or opposition will do: under either prong, Kowalski's conduct "must have alerted [Parkland] to [her] belief that disability discrimination was at issue." *Tex. Dep't of Transp. v. Lara*, 625 S.W.3d 46, 60 (Tex. 2021). Thus, Parkland could not have been put on notice under Section 21.055(1) or (3) if Kowalski did not meaningfully allege some disparate treatment based on *disability*. Again, Kowalski bore the burden to establish a fact issue on this point.

The only evidence Kowalski offered is a series of emails, exchanged while she was undergoing the accommodation-request process, complaining that another employee was not made to follow that process. Since neither Kowalski nor this other employee was disabled, the complaint seems to be that it was unfair for Kowalski to be singled out for a disability-related screening procedure. The court of appeals held that these emails "essentially claimed that she was being regarded as disabled . . . and that she was being forced to go through a more extensive process . . . than others who had similar medical issues." 2023 WL 2782312, at *11.

Even if that characterization is accurate, however, differential treatment between two employees, *neither* of whom is (or claims at the

8

time to be) disabled, could not have put Parkland on notice that "*disability* discrimination was at issue." *Lara*, 625 S.W.3d at 60 (emphasis added). It may have appeared unfair, inconsistent, wasteful, pointless, tedious, or irritating for Parkland to require Kowalski but not her colleague to complete the form. Absent any showing that the different treatment had anything to do with one party being *disabled*, though, the emails are irrelevant to Kowalski's retaliation claim. With no other evidence that Parkland was made aware of a claim of disability-based discrimination against Kowalski before her position's elimination, Kowalski failed to establish a fact issue on her retaliation claim. Parkland's plea to the jurisdiction should have been granted as to that claim as well.

*   *   *

We hold that Kowalski has failed to make a prima facie case of unlawful disability-based discrimination or retaliation under the Code. Accordingly, without hearing oral argument, *see* TEX. R. APP. P. 59.1, we grant Parkland's petition for review, reverse the court of appeals' judgment, and render judgment dismissing the case for lack of jurisdiction.

**OPINION DELIVERED:** December 31, 2024

9