ACCEPTED
15-25-00159-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
12/22/2025 1:34 PM
CHRISTOPHER A. PRINE
CLERK

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
12/22/2025 1:34:21 PM
CHRISTOPHER A. PRINE
Clerk

**Court of Appeals Number: 15-25-00159-CV**

## IN THE FIFTEENTH COURT OF APPEALS

## TRAVIS COUNTY, AUSTIN, TEXAS

### LOVINGS VS. AMERICAN ZURICH INSURANCE COMPANY

Original Proceeding from the 126th District Court,
Travis County Tx, Case Number: D-1-GN-24-009872,
Honorable Judge Maria Cantú Hexsel, Presiding

### ORAL ARGUMENT REQUESTED

**Appellant:**
*Stephanie Lovings*
Pro Se
1500 E Parmer Lane, Apt. 1412
Austin, TX 78753
Email: stephaniekay9741@gmail.com

**Appellee:**
*American Zurich Insurance Company*
Counsel: Jessica MacCarty
FOH Law Firm

## TABLE OF CONTENTS

1. Identity of Parties and Counsel

2. Table of Authorities

3. Statement of the Case

4. Statement of Oral Argument

5. Issues Presented

6. Statement of Facts

7. Summary of the Argument

8. Argument

9. Prayer

10. Certificate of Service

## IDENTITY OF PARTIES AND COUNSEL

**Appellant:**
*Stephanie Lovings*
Pro Se
1500 E Parmer Lane, Apt. 1412
Austin, TX 78753
Email: stephaniekay9741@gmail.com

**Appellee:**
*American Zurich Insurance Company*
Counsel: Jessica MacCarty
FOH Law Firm

## TABLE OF AUTHORITIES

Statutes:

- Texas Labor Code § 410.301

- Texas Labor Code § 410.303

- Texas Rules of Civil Procedure 166a(i)

- Texas Rule of Civil Procedure 21a

Cases:

- King Ranch, Inc. v. Chapman, 118 S.W.3d 742 (Tex. 2003)

- Havner v. E–Z Mart Stores, Inc., 825 S.W.2d 456 (Tex. 1992)

- Ford Motor Co. v. Ridgway, 135 S.W.3d 598 (Tex. 2004)

## STATEMENT OF THE CASE

This appeal arises from the final judgment issued on August 25, 2025, by the 126th Judicial District Court of Travis County, Texas. In that judgment, the trial court affirmed the decision of the Texas Department of Insurance, Division of Workers' Compensation ("DWC"), regarding the extent of Appellant's compensable injuries, and granted Appellee's No Evidence Motion for Summary Judgment. As a result, the court upheld findings that the following conditions were *not* part of Appellant's compensable injury: (CR 106) (1) a left-shoulder full-thickness rotator cuff tear; (2) a C3–C4 cervical annular bulge with posterior herniation; and (3) femoral acetabular impingement of the right hip.

The underlying injury occurred on April 17, 2023, during Appellant's employment with Tesla Motors. On that date, Appellant was assigned to a workstation to which she was not ordinarily assigned and was instructed to push pallets onto conveyer belt that contained 27 Tesla vehicle batteries weighing between 1,060 and 1,200 pounds per battery (CR 146). Appellant was 56 years of age at this time and asked the employer why she was being asked to move pallets of batteries, the response from the employer was "Everyone has to do their part." While performing this physically strenuous task, Appellant sustained the injuries at issue in this case. Since that moment, Appellant has not been physically the same. Despite the clear onset of symptoms beginning on the date of injury, Appellant has been denied all recommended medical care (CR 110)—including surgery, physical therapy, and other necessary treatment—that could have improved or stabilized her condition. There has been no consideration of her diminished quality of life, ongoing pain, or long-term functional limitations.

Prior to her employment at Tesla, Appellant worked for her previous employer for more than twelve years without restrictions and without any record of physical limitations. She remained capable of performing her daily tasks and job duties without difficulty. She accepted the position at Tesla because the schedule suited her family responsibilities and the compensation provided a meaningful financial opportunity. Appellant was a dedicated and reliable employee, consistently volunteering for overtime and performing her assigned duties efficiently and effectively.

On the day of the incident, Appellant arrived at work able to stand upright, walk normally, and move her shoulders and neck without pain—capabilities she no longer possesses. As a result of the injury, she must now carry her neck, back, and shoulders with extreme caution to avoid triggering severe pain. Even minor or sudden movements can leave her in debilitating discomfort for days at a time, often requiring pain medication for relief. She had never before relied on pain medication on a regular basis.

Appellant's life has been profoundly altered. Before the injury, Appellant was fully active with her nine grandchildren (CR147-152). She regularly danced with them at family gatherings, skated with them at the local skating rink, and pushed them on swings at the park. These simple activities are now impossible. Even routine daily tasks have become burdensome. Where she once handled her own grocery shopping without difficulty, she now must ask strangers for assistance to reach items on higher shelves. Common

household items—including cooking spices she once kept in upper cabinets—now must be stored on countertops because she can no longer lift her arms above shoulder level. She struggles with basic personal activities, such as raising her arms to wash her hair in the shower.

This injury has imposed not only significant physical limitations but also emotional distress. Appellant has endured a decline in her independence, mobility, and overall quality of life. Despite these substantial consequences, there has been no effort from the Appellee or the workers' compensation system to provide meaningful medical intervention or relief. The denial of treatment has left her in a state of ongoing pain and functional impairment, without any pathway for improvement.

For these reasons, and because the trial court erred in affirming the DWC's extent-of-injury determinations and in granting Appellee's No Evidence Motion for Summary Judgment, Appellant respectfully requests that this Court reverse the trial court's judgment and remand the case for further proceedings consistent with Texas law and the evidence presented.

## STATEMENT OF ORAL ARGUMENT

This case raises significant issues related to the factual sufficiency of the evidence presented in relation to the rule set forth in Brown v. Davis, 123 S.W.2d 321, 325 (Tex. 2002). The inclusion of oral arguments will significantly aid the decision of this court.

ISSUES PRESENTED

1. Whether the trial court erred in granting Appellee's No Evidence Motion for Summary Judgment despite the existence of competent medical evidence supporting causation of the disputed injuries (CR 124).
2. Whether the trial court misapplied Texas Rule of Civil Procedure 166a(i) by failing to construe all evidence and reasonable inferences in Appellant's favor as the non-movant.
3. Whether the trial court abused its discretion in upholding the DWC's findings on extent of injury and disability.
4. Whether the court erred by accepting the DWC's finding that Appellant had not reached Maximum Medical Improvement (MMI) despite medical evidence of ongoing treatment needs.

## STATEMENT OF FACTS

On April 17, 2023, appellant sustained a workplace injury. She timely pursued administrative remedies under the Texas Labor Code. On this date the appellant went to work for Tesla Motors and was assigned to a workstation which she was not normally assigned to and was tasked with pushing/pulling Tesla car batteries ranging 1060-1200 lbs (CR 154).

The disputed injuries - (1) left shoulder full-thickness rotator cuff tear, (2) annular bulge and posterior herniation at C3–C4, and (3) right hip femoral acetabular impingement— were diagnosed and treated by physician, **Dr. Kelly Samuel whom appellant was referred to by Worker Compensation.** Appellant saw this doctor that was referred by the state on two occasions. The medical records documented a clear causal relationship between the mechanism of injury and the resulting conditions (CR 111). Both reports from this doctor concluded that these injuries were directly related to the injury reported on the date referenced.

Despite this, the DWC excluded the conditions from the compensable injury. Appellant sought judicial review under Tex. Lab. Code § 410.301.

During summary judgment, Appellee filed a No Evidence Motion alleging Appellant provided *no* competent medical evidence on causation (CR 70). Appellant presented medical records with diagnoses, treatment plans, and expert opinions linking the conditions to the workplace trauma. Due to a clerical delay in evidence filing, the trial court treated the record as deficient and granted summary judgment.

Appellant now challenges that ruling.

## SUMMARY OF THE ARGUMENT

The trial court erred in granting summary judgment because Appellant presented more than a scintilla of probative medical evidence demonstrating that the disputed conditions were caused by the workplace injury. Under Rule 166a(i), once such evidence exists, summary judgment is improper. The court further failed to apply the required standard of review by not construing all evidence and inferences in favor of Appellant as the non-movant.

Additionally, the court abused its discretion by adopting the DWC's determinations without considering conflicting medical evidence. The ruling deprived Appellant of her statutory right to a full trial on the merits of her extent-of-injury case. The judgment should therefore be reversed and remanded.

## ARGUMENT

### I. The Trial Court Erred in Granting the No Evidence Motion for Summary Judgment.

Under Rule 166a(i), summary judgment may be granted only when there is *no* evidence of a disputed fact. A scintilla of evidence defeats the motion. Texas courts consistently hold that medical records and expert opinions constitute competent evidence on the issue of causation in workers' compensation cases.

Appellant submitted medical records from Dr. Kelly Samuel describing:

- the mechanism of injury,
- clinical findings,
- diagnostic imaging, and
- medical opinions causally connecting the injuries to the April 17, 2023 accident.

This evidence is far more than a scintilla. It directly contradicts Appellee's assertion that no evidence existed. Accordingly, summary judgment was legally improper.

---

### II. The Court Misapplied the Rule 166a(i) Standard.

In reviewing a No Evidence Motion, the court must:

1. view all evidence in the light most favorable to the non-movant, and
2. draw all reasonable inferences in the non-movant's favor.

Here, the court failed to apply this standard. The evidence—medical records and physician opinions—should have created a genuine issue of material fact.

A clerical delay in submitting a portion of the evidence cannot erase the existence of the evidence. Texas law requires that if *any* evidence supports the non-movant's position, the motion must be denied.

---

## III. The Court Abused Its Discretion in Upholding the DWC's Extent-of-Injury Findings.

An abuse of discretion occurs when a court acts without reference to guiding rules or principles. The court accepted the DWC's determinations despite the existence of medical evidence indicating:

- a full-thickness rotator cuff tear was trauma-related;
- the cervical bulge and herniation were consistent with the mechanism of injury;
- the right hip impingement developed after and because of the workplace accident.

These factual disputes should have been allowed to proceed to trial. By prematurely ending the case, the court denied Appellant her statutory right under Tex. Lab. Code § 410.303 to a judicial fact-finder's review.

---

## IV. The Court Erred Regarding MMI.

The court upheld the finding that Appellant had not reached MMI despite medical records showing ongoing treatment, continuing symptoms, and the need for further evaluation of the disputed conditions (CR123).

A finding that Appellant was *not* at MMI supports her position—not Appellee's—and should have raised additional questions regarding the extent of her injury, not served as a basis for summary judgment.

## PRAYER

For the reasons stated above, Appellant respectfully requests that this Court:

1. **Reverse** the trial court's judgment granting Appellee's No Evidence Motion for Summary Judgment;
2. **Remand** the case for a full trial on the merits regarding the extent of Appellant's compensable injury;
3. Order the trial court to consider all relevant medical evidence; and
4. Grant any other relief to which Appellant may be justly entitled.
5. Award the Appellant $5M for pain and suffering and $2M for medical treatment related to this injury.

Respectfully submitted,

**/s/ Stephanie Lovings**
Stephanie Lovings
Pro Se Appellant
1500 E Parmer Lane, Apt. 1412
Austin, TX 78753
Email: stephaniekay9741@gmail.com

------------------------------------------------------------

CERTIFICATE OF SERVICE

I certify that on December 22, 2025, a true and correct copy of this brief was served on Jessica MacCarty, counsel for American Zurich Insurance Company, pursuant to Rule 21a, Texas Rules of Civil Procedure.

**/s/ Stephanie Lovings**
Stephanie Lovings

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 109369155
Filing Code Description: Brief Requesting Oral Argument
Filing Description: Appellant Brief
Status as of 12/22/2025 1:52 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Jennifer MacCarty | | jmm@fol.com | 12/22/2025 1:34:21 PM | SENT |